479 F.2d 311
 Mrs. Geraldine STEWART et al., Plaintiffs,
Mary K. McKague et al., Plaintiffs-Appellees-Cross Appellants,
v.
ATLANTIC PIPE LINE COMPANY et al.,
Defendants-Appellants-Cross Appellees,
v.
TEXAS GENERAL INDEMNITY COMPANY, Intervenor-Appellee.
 No. 72-1543.
 United States Court of Appeals,
Fifth Circuit.
 May 11, 1973.
 
 Dale Dowell, Beaumont, Tex., for Atlantic Pipe Line Co.
 Walter Umphrey, Port Arthur, Tex., for Mary K. McKague.
 John G. Tucker, Beaumont, Tex., for Texas Gen. Indemnity Co. and others.
 H. P. Wright, Port Neches, Tex., for Geraldine Stewart.
 ON PETITION OF ATLANTIC PIPE LINE COMPANY, ET AL FOR REHEARING AND ON THE PETITION OF THE McKAGUE PLAINTIFFS FOR AN AMENDMENT TO THE MANDATE HERETOFORE ENTERED BY THE COURT
 Before TUTTLE, WISDOM and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 As indicated in our opinion entered December 12, 1972, the trial court erred by entering a remittitur in the sum of $30,000 of the $50,000 awarded to each child, after a jury verdict for $50,000 in favor of each. The law of this circuit requires that in the event the trial court concludes that a jury verdict for damages so far departs from the evidence as to warrant his granting a new trial with respect to the amount of damages, it should simply grant a new trial on the damage issue or it should give the winning party an option of having a new trial or agreeing to a remittitur of a part of the amount found in the jury verdict. See Gorsalitz v. Olin-Mathieson Chemical Corporation, 5 Cir., 429 F.2d 1033 (1970).
 
 
 2
 The appropriate action for this court to have taken, therefore, was to reverse the judgment of the trial court and to remand the case to that court for further proceedings not inconsistent with the opinion, instead of remanding the case to the trial court for the entry of a judgment in the full amount found by the jury to be due.
 
 
 3
 Although the petition for rehearing did not expressly call our attention to this disposition by our mandate, the subsequent petition by the McKague heirs for a modification of the mandate has caused us to read it more carefully, and we conclude that the error must be corrected.
 
 
 4
 The last paragraph of the opinion is, therefore, stricken and the following is substituted therefor:
 
 
 5
 "The judgment is affirmed on the principal appeal, and it is reversed on the appeal of the minor children and remanded to the trial court for further proceedings not inconsistent with this opinion."
 
 
 6
 The mandate heretofore issued is recalled and this mandate is substituted therefor.