**Charles D. MILES, Plaintiff-Appellant,**

v.

**VICKSBURG CHEMICAL COMPANY, Defendant-Appellee.**

No. 76–4476.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1979.

may be awarded against FDIC as an agency of the federal government.

Landman Teller, Jr., Vicksburg, Miss., for plaintiff-appellant.

Joel W. Howell, III,· Thomas A. Bell, Jackson, Miss., for defendant-appellee.

Before COLEMAN, CLARK and RUBIN, Circuit Judges.

PER CURIAM:

The panel decision in this case is reported, 588 F.2d 512. On February 26, 1979, a petition for rehearing and rehearing en banc, was denied.

On February 21, 1979, the Mississippi Supreme Court decided *Mississippi Chemical Corporation v. Rogers,* 368 So.2d 220.

The appellee, Vicksburg Chemical Company, then filed a motion for leave to file a petition for rehearing en banc on the ground that our decision in the instant litigation conflicted with the decision of the Mississippi Supreme Court rendered on February 21, 1979.

Since decisions of the Supreme Court of Mississippi are controlling on questions of state law, we asked for supplemental briefs from the parties, which have been filed.

Upon consideration of these briefs, and upon further consideration of the case as originally decided by us, we are of the opinion that the motion should be denied and that our decision of January 26, 1979, should stand as rendered.

In *Mississippi Chemical Corporation v. Rogers, supra,* Rogers was the employee of an independent contractor, who had entered into a contract with Mississippi Chemical to repair one of its buildings. At a time when Rogers was walking across the roof of the building, it gave way under his' weight. Rogers brought suit against Mississippi Chemical to recover damages for his resulting injuries.

Mississippi Chemical had not warned Rogers that it was unsafe to walk on the roof at the point being used by him. Neither was there any testimony that Mississippi Chemical had specifically warned the independent contractor about the danger of "walking on transite". However, there was uncontradicted evidence that the supervisory personnel of the independent contractor knew of the danger and had been instructed in a safety meeting to keep the employees off the transite except on the provided walkways.

The Supreme Court of Mississippi held:

"In sum, Rogers charged Mississippi Chemical with negligence in failing to provide him with a reasonably safe place to work and failure to warn him of the fact that the roof on which he was working would not support the weight of a person walking across it. Assuming that Mississippi Chemical did not furnish Rogers with a reasonably safe place to work, it did not have the duty to notify Rogers of the danger of walking on transite because his employer, an independent contractor, had knowledge of the danger of walking on transite, and the supervisory personnel of the independent contractor were instructed to warn its employees not to walk on the roof except on the walkways. Mississippi Chemical had no control over Rogers or the other employees of its independent contractor, and was entitled to the peremptory instruction which it requested."

We are of the opinion that this decision, including the cases upon which it relied, do not necessitate a reversal of the result we reached in the instant appeal.

In the first place, the situation which caused Miles' injuries was not one in which the contractor could look at it, as in the case of a roof, and appreciate its dangerous condition from mere inspection.

Moreover, in our case the independent contractor's appreciation of the danger provided by the presence of the invisible caustic soda depended on the adequacy of Vicksburg Chemical's warning. The adequacy of the warning was submitted to the jury and the jurors decided it on disputed evidence, making it inappropriate that there should have been a judgment notwithstanding the verdict.

Finally, as pointed out in the panel opinion, Vicksburg Chemical was actively, rather than passively, negligent in discharging the caustic soda. Indeed, Vicksburg aggravated the condition just before Miles' injury by increasing the flow into the work area and there was no notice to the contractor that this had been done.

Upon all these considerations, leave to file the petition for rehearing en banc is DENIED and our prior decision will stand as rendered.

The appellant's motion that our mandate direct that interest be paid from the date of the original judgment is GRANTED.

SO ORDERED.