**Mrs. Lessie Mae WATSON et al., Plaintiffs–Appellees,**

v.

**CALLON PETROLEUM COMPANY, Defendant–Appellant.**

**Mrs. Barbara Ann Parker LILLIE et al., Plaintiffs–Appellees,**

v.

**H & N OPERATING, INC., Defendant–Appellant.**

Nos. 80–3494, 80–3522
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Dec. 11, 1980.

Joel W. Howell, III, Jackson, Miss., E. C. Ward, Natchez, Miss., for defendant–appellant in No. 80–3522.

Daniel J. O'Beirne, John R. Kingsafer, Natchez, Miss., Reeves & Owens, Harrisonburg, La., for plaintiffs–appellees in No. 80–3522.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

The sole issue presented by these consolidated appeals is the commencement date for the computation of interest on judgments rendered pursuant to jury verdicts.

### The Watson Case

On December 13, 1977, the court entered a judgment for plaintiffs in the amount of $175,398.60 plus legal interest and costs. On January 9, 1978, the district court granted defendant's motion for a judgment notwithstanding the verdict, setting aside the judgment for plaintiffs. Plaintiffs appealed and on February 15, 1980, we reversed the judgment n.o.v. and issued our mandate directing the district court to reinstate the jury verdict and enter judgment thereon.

On April 9, 1980, defendant tendered to counsel for plaintiffs one draft for the principal judgment of $175,398.60 and a second draft for $2,114.20, representing court costs and interest from February 15, 1980 to April 9, 1980. Simultaneously with this tender, defendant filed a motion with the district court seeking entry of judgment, pursuant to our mandate, for the principal sum but allowing interest only from February 15, 1980, the date of our reversal of the judgment n.o.v. The district court denied defendant's motion and entered judgment on May 22, 1980, reinstating the judgment of the court upon the jury verdict entered on December 13, 1977, in the amount of $175,398.60 together with legal interest

Daniel, Coker, Horton, Bell & Dukes, Joel W. Howell, III, Jackson, Miss., for defendant–appellant in No. 80–3494.

Jack E. Pool, Natchez, Miss., Daniel J. O'Beirne, John R. Kingsafer, Natchez, Miss., for Mrs. Lessie Mae Watson et al.

from December 13, 1977 until April 9, 1980, together with all costs of court, and allowing a credit in the amount of $177,512.80 (the total of the two tendered drafts). Defendant appeals from that portion of the judgment which grants interest prior to February 15, 1980. Plaintiffs counter with a request for damages for frivolous appeal pursuant to 28 U.S.C. § 1912 and Fed.R. App.P. 38. We affirm the judgment of the district court and award damages for frivolous appeal.

### The Lillie Case

On November 14, 1978, the court entered judgment upon a jury verdict for plaintiffs in the amount of $214,000 plus legal interest from date of judgment and costs. The judgment was filed on November 15, 1978. On December 27, 1978, the district court granted defendant's motion for a judgment notwithstanding the verdict, setting aside the judgment for plaintiffs. Plaintiffs appealed and on February 15, 1980, we reversed the judgment n.o.v. and issued our mandate directing the district court to reinstate the jury verdict and enter judgment thereon.

On March 28, 1980, defendant tendered to counsel for plaintiffs a draft for the principal judgment of $206,986.21 (the $214,000 less a subrogation claim of $7,013.79), a draft for costs totaling $1,972.48, and a draft for interest on the judgment from February 15, 1980 to March 28, 1980, totaling $1,950.48. On April 21, 1980, the defendant filed a motion with the district court seeking entry of judgment, pursuant to our mandate, for the principal sum but allowing interest only from February 15, 1980, the date of our reversal of the judgment n.o.v. The district court denied defendant's motion in a thorough, scholarly memorandum opinion, and on June 13, 1980, reinstated the judgment upon the jury verdict in the principal amount of $214,000, together with legal interest at the rate of 8% per annum from date of judgment until March 29, 1980, and all costs, and allowing a credit in the amount of $217,922.96 (the total of the tendered drafts and the subrogation credit). Defendant appeals from that portion of the judgment granting interest prior to February 15, 1980. Plaintiffs counter by moving for damages for frivolous appeal. We affirm the judgment of the district court and award damages for frivolous appeal.

### The Law

We are to apply the substantive law of Mississippi in determining the award of interest in these diversity jurisdiction cases. *Petersen v. Klos*, 433 F.2d 911 (5th Cir. 1970); *Texaco, Inc. v. Lirette*, 410 F.2d 1064 (5th Cir. 1969). As we recently reminded in *Avery v. Maremont Corp.*, 628 F.2d 441, 446 (1980), "A federal district court judge's determination on the law in his state is, as a rule, entitled to great weight on review," *citing Petersen v. Klos, supra; Southern Ry. Co. v. State Farm Mut. Auto. Ins. Co.*, 477 F.2d 49, 52 (5th Cir. 1973); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 466 (5th Cir. 1967). In the two cases at bar, two different district judges are in full agreement as to the applicable law and the resolution of this interest issue. The usual deference given to a district judge's determination of the law in his state is thus enhanced.

These appeals do not present a novel or unsettled question of Mississippi law. Defendants rely on the decision by the Mississippi Supreme Court in *Grice v. Central Electric Power Association*, 230 Miss. 437, 92 So.2d 837, *suggestion of error overruled in part and sustained in part*, 96 So.2d 909 (Miss.1957), as dispositive of the interest issue. Plaintiffs vigorously argue that *Grice* is not a controlling decision adverse to their position, but that in fact it supports their position. We agree with plaintiffs. Our reading of the original decision in *Grice,* as modified by its decision on suggestion of error, convinces us that under the statutory law of Mississippi, as interpreted and applied by the Mississippi Supreme Court, interest accrues from the date of entry of a valid judgment based on a jury verdict. The discussion in *Grice* centered on the question as to whether interest

should run from the date of the jury verdict or from the date of the judgment. The *Grice* court held it was the latter.

Were we to entertain any doubts as to the law as reflected by *Grice*, any such doubts would be assuaged by the subsequent holding of the Mississippi Supreme Court in *Illinois Central Railroad Company v. Nelson*, 245 Miss. 395, 148 So.2d 712 (1963). Therein the court spoke to conflicting cases, overruled one specifically, returned to the basic statutory provision, Sec. 39, Miss. Code of 1942, and held that a judgment sounding in tort bears interest from the date of entry of judgment in the trial court. That *Nelson* involved a remittitur and not a judgment n.o.v. is a difference without meaning. In a case the previous year, *Green v. Gulf, Mobile & Ohio Railroad Company*, 244 Miss. 211, 141 So.2d 216 (1962), the Mississippi Supreme Court had before it the identical factual array as in the cases at bar. In *Green* the jury returned a verdict for the plaintiff and judgment was entered. The defendant then sought a judgment n.o.v. which was granted and the judgment on the jury verdict was set aside. Citing *Grice* (for another proposition), the court reversed the grant of the judgment n.o.v. and entered judgment as per the jury verdict with interest from May 19, 1961, "the date of the rendition of the judgment of the lower court [on the jury verdict]." *Id.* at 226.

Mississippi law is clear. Plaintiffs are entitled to interest on their judgments from the date of entry of the judgments on the jury verdicts. We have previously recognized this rule and issued our mandate accordingly. *See Miles v. Vicksburg Chemical Company*, 602 F.2d 683 (5th Cir. 1979), in which the defendant was represented by the same counsel representing the defendants in the two cases now before us.

### Damages

■ We find no reasonable basis for the appeals taken by Callon Petroleum Company and H & N Operating, Inc., and conclude that 28 U.S.C. § 1912 and Fed.R.App.P. 38, are applicable. 28 U.S.C. § 1912, entitled "Damages and costs on affirmance," provides:

Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs.

Rule 38, Fed.R.App.P., entitled "Damages for Delay," provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

We award plaintiffs in each case double costs and delay damages. The delay damages are assessed at twenty percent (20%) of the amount of the unpaid interest. In this instance we restrain our initial inclination to also award attorney's fees and trust that our message is understood.

The judgments of the district court are AFFIRMED.