**Roy Ronald LOWE, as Administrator of Estate of Lou Ann Lowe, Deceased, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**Roy FULFORD, as Administrator of Estate of Elva Fulford, Deceased, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

Civ. Nos. 74–M–260, 74–M–261.

United States District Court, N. D. Alabama, W. D.

May 8, 1981.

Edward F. Morgan, Tuscaloosa, Ala., C. O. Burkhalter, Gordo, Ala., for plaintiff.

Charles A. Stewart, Jr., Eugene D. Martenson, Huie, Fernambucq, Stewart & Smith, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

The Fifth Circuit has remanded these cases with directions to enter judgments in accordance with the first verdicts herein with whatever remittitur, if any, deemed appropriate under *Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033 (5th Cir. 1970), *modified* 456 F.2d 180 (1972), *cert. denied* 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807. *Lowe v. General Motors Corp.*, 624 F.2d 1373 (5th Cir. 1980). *Gorsalitz* adopted the rationale of Judge Rubin in *Glazer v. Glazer*, 278 F.Supp. 476 (E.D.La. 1968). Judge Rubin in *Glazer* endorses the maximum recovery rule. Under this rule "the jury by its excessive verdict intended to award the maximum and defendant cannot complain of any judgment within the permissible limits. This theory permits reduction only to the highest amount which the jury could properly have awarded."

*Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d at 1047, *quoting* 3 Barron & Holtzoff, *Federal Practice & Procedure* § 1305.1, p. 376. According to Judge Rubin, the guidelines applicable to the entry of remittitur are:

> In proceeding to fix the remittitur, then, the Court will be guided by the principle that the plaintiff who has been awarded an excessive amount by one jury should have the option of taking the maximum amount that the jury could properly have awarded or of taking a new trial before another one. In determining this, it appears proper first to fix the amount that this Court thinks a properly functioning jury would have awarded, and this may be merely another way of saying that the starting point is the amount of damages the Court itself thinks proper on the record under the mandate of the Court of Appeals. After that, the maximum recovery rule requires the Court to determine the maximum amount of deviation from that verdict that could be allowed without requiring a new trial.

278 F.Supp. at 482.

■ This court, at the time it considered the motion for a new trial in these consolidated cases, concluded that the verdicts were excessive and demonstrated passion, bias, and prejudice, and indicated that if this were the only ground on which to consider a new trial he would have ordered a new trial in each case unless the plaintiff agreed to a remittitur of $250,000.

The court remains convinced that the verdicts in the first trial were the result of prejudice, bias, and passion. In the court's judgment, the cases were factually weak, but not sufficiently so to remove them from the jury. Since the damages are punitive only and the evidence against the defendant was weak, the verdicts indicated that they were the result of prejudice, bias, and passion. Whether the court should have ordered a new trial on that basis is a close question.

In this court's judgment, a properly functioning jury could not have awarded over $150,000–200,000 in each case, and the court remains of the opinion that $250,000 in each case was the maximum amount of recovery which could be allowed to stand without requiring a new trial.

It is also necessary to consider two additional questions: the date from which interest will run on the judgments and the scope of any new trial.

### I. *Interest.*

The substantive law of Alabama is applicable in determining the award of interest in this diversity jurisdiction case. *Petersen v. Klos,* 433 F.2d 911, 912 (5th Cir. 1970). In *Berry v. Druid City Hospital Board,* 333 So.2d 796 (Ala.1976), a verdict was returned for the plaintiff and the trial court granted defendant's motion for judgment N.O.V. On appeal the judgment was reversed and the lower court was instructed to reinstate the jury verdict. The Alabama Supreme Court held that interest should be allowed from the date of the jury verdict.

■ It seems clear from *Berry* that upon reinstatement of the jury verdicts from the first trial, interest should be permitted from the date of those verdicts. The *Berry* court stated:

> We can see no good reason why the plaintiff should not be allowed interest from the date of the jury verdict. When a defendant appeals from a judgment entered in favor of the plaintiff, and the same is affirmed, the judgment bears interest from the date of rendition. Why should the rule be different when the trial court, on motion of the defendant, sets aside a verdict in favor of the plaintiff, who is then compelled to appeal, if he is successful in having the original verdict reinstated?

333 So.2d at 805–806.

The *Berry* court looked to section 8–8–10 of the Alabama Code (1975), which provides that "[j]udgments for the payment of money, other than costs, bear interest from the day of entry . . . ."

The same result in *Berry* was reached in *Watson v. Callon Petroleum Co.,* 632 F.2d 646 (5th Cir. 1980). In *Watson* the Fifth Circuit had reversed the trial court's judg-

ment N.O.V. and directed reinstatement of the jury verdict. On appeal concerning the interest question, the court held that Mississippi law entitled plaintiffs to interest on their judgments from the date of entry of the judgments on the jury verdicts. Mississippi's statute is similar to Alabama's.

The fact that the court has granted a remittitur does not alter the result. Interest will run on the reduced verdicts from the date of the entry of judgments on the jury verdicts (June 6, 1975). In *Illinois Central Railroad Co. v. Nelson*, 245 Miss. 395, 148 So.2d 712 (1963), on the basis of Mississippi's statute, the Mississippi Supreme Court held that a judgment reduced by that court in lieu of reversal bears interest from its date in the trial court. *Nelson* was cited with approval by the Fifth Circuit in *Watson, supra*.

Defendant's brief cites *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), and *Gele v. Wilson*, 616 F.2d 146 (5th Cir. 1980). However, in each of these decisions judgment against the defendant had never been entered by the trial court until the appellate court directed the lower court to do so. The distinction was pointed out in *Fassbinder v. Pennsylvania Railroad Company*, 233 F.Supp. 574 (W.D. Penn.1964), and clarified in *Taylor v. Washington Terminal Company*, 308 F.Supp. 1152 (D.D.C.1970). In *Taylor*, plaintiff refused to remit a portion of a verdict, a new trial was ordered and a second verdict reached. The appellate court reversed and ordered the original verdict reinstated. The district court decided that plaintiff was entitled to interest on judgment from the date of the original judgment. The *Taylor* court stated:

> The many cases cited by the defendant, all emanating from *Briggs v. Pennsylvania R. Company* [citation omitted] require no different result. Neither in *Briggs* nor in its progeny did a situation exist wherein the District Court had entered a *judgment* which after being erroneously vacated, was subsequently ordered reinstated by mandate of a Court of Appeals. *The fact that entry of a judgment is a* *prerequisite to the running of interest thereon can scarcely be disputed.*

308 F.Supp. at 1154, *quoting from Fassbinder*, 233 F.Supp. at 575.

■ It is settled law that subsequent action by an appellate court in reducing a judgment does not prevent interest from attaching upon the reduced amount from the date of the original judgment. *See, e. g., Swartzbaugh Manufacturing Co. v. United States*, 289 F.2d 81, 85 (6th Cir. 1961); *United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875, 876–877 (1st Cir. 1971). The same should hold true if the jury verdicts are reduced by this court.

■ It is the court's opinion therefore that simple interest on the judgments runs from the date of the initial judgments, June 5, 1975, computed at the rate of 6% per annum.

### II. *Scope of a New Trial*

The last issue which the court must decide is the scope of any new trial. The Fifth Circuit, in its opinion, stated twice that if a remittitur was refused, the new trial would be on the issue of damages. Specifically the Court said:

> [I]f the plaintiffs refuse to remit, the District Court may order a new trial strictly on the issue of damages. *See Lehrman v. Gulf Oil Corp.*, 464 F.2d 26, 47 (5th Cir.), *cert. denied* 409 U.S. 1077, 93 S.Ct. 687, 34 L.Ed.2d 665 (1972).

\* \* \* \* \* \*

If plaintiffs decline to make the remittitur, then the District Court may order a new trial solely on the issue of damages. *Lowe v. General Motors Corp.*, 624 F.2d at 1384.

With all due respect to the Fifth Circuit, the court is of the opinion that this is an impossible instruction. It would appear that the Court of Appeals did not consider whether the issue of damages and liability are so interwoven as to require a new trial on both. *See Greenwood Ranches, Inc. v. Skie Construction Co.*, 629 F.2d 518, 522 (8th Cir. 1980).

The U.S. Supreme Court in *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931), stated:

> Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retired is so distinct and separable from the others that a trial of it alone may be had without injustice. [Citations omitted] Here the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial.

*Id.*

Recently, the Fifth Circuit discussed trying an award of punitive damages separate from the issue of liability, *Fury Imports, Inc. v. Shakespeare Co.*, 554 F.2d 1376 (5th Cir. 1977), and noted:

> Although we hold that the district court erred in setting aside the jury verdict as to punitive damages, we also hold that this issue must, in the interest of justice, be retried with the other issues. Plaintiff is entitled to no punitive damages unless the jury finds for it on liability and awards some actual damages. *Moreover, an award of punitive damages should rest on the jury's assessment of all the evidence in the case. Hence, the issue of punitive damages is so intertwined with the other issues that it should be retried with them.*

554 F.2d at 1389 (emphasis added).

*Slater v. KFC Corporation*, 621 F.2d 932 (8th Cir. 1980), reiterated the position of the Fifth Circuit in *Fury Imports*. "In addition, any award of punitive damages must turn on an assessment of KFC's conduct. Thus, we conclude that the issue of damages and liability in this case are so interwoven as to require a new trial on both." 621 F.2d at 938. Other circuit courts of appeal have concluded that in ordering a new trial, the question of punitive damages to be awarded cannot be separated from the issue of liability. *Atlantic Coast Line R.R.*

*Co. v. Bennett*, 251 F.2d 934, 939 (4th Cir. 1958); *Smyth Sales, Inc. v. Petroleum Heat & Power Co.*, 141 F.2d 41, 45 (3d Cir. 1944).

 Should plaintiffs refuse to accept the remittitur which the court has ordered, a new trial will be ordered. The question of punitive damages cannot be tried separate and apart from the issue of liability. It would appear that the language of the Fifth Circuit allowing the court to order a new trial "strictly on the issue of damages" was inadvertent. The case cited in support of this involved compensatory damages which, of course, is an entirely different situation.