557 F.Supp. 514 (1983)
UNITED STATES of America for the Use of BILLOWS ELECTRIC SUPPLY COMPANY, INC.
v.
E.J.T. CONSTRUCTION CO., INC. and National Fire Insurance Company of Hartford and American Casualty Company of Reading and B.D. Thomas Company. (Three Cases)
Civ. A. Nos. 78-0528, 78-4032 and 79-1024.
United States District Court, E.D. Pennsylvania.
February 23, 1983.
*515 Charles I. Richman, Philadelphia, Pa., for E.J.T. Const. Co., Nat. Fire Ins. Co. of Hartford and American Cas. of Reading.
D. Webster Keogh, Philadelphia, Pa., for B.D. Thomas Co.

MEMORANDUM
RAYMOND J. BRODERICK, District Judge.
Plaintiff, in whose favor judgment was entered on July 9, 1981 in a cause of action arising under the Miller Act, 40 U.S.C. § 270a, et seq., has filed a motion seeking increased interest on the judgment, claiming it is entitled to such increased interest pursuant to the Federal Courts Improvement Act of 1982 ("the Act"), P.L. 97-164, 96 Stat. 25, Section 302, which amended 28 U.S.C. § 1961, which governs the rate of interest awarded on federal court judgments. For the reasons hereinafter set forth, the Court finds that the Act's provisions for a higher rate of interest do not apply to this case because the Act did not become effective until after the entry of judgment in this case and will enter an Order denying plaintiff's motion.
As heretofore noted, plaintiff has filed a "motion for imposition of additional interest". It appears to the Court that this motion is not the best vehicle for raising the issue of the appropriate rate of post-judgment interest. In effect, the motion asks the Court to issue a declaratory judgment concerning the proper rate of post-judgment interest. Despite the unusual form of plaintiff's motion, the Court will consider the motion to be an appropriate pleading asking this Court to issue an Order declaring the rights and other legal relations of the parties to an actual controversy in the nature of a declaratory judgment. (See 28 U.S.C. § 2201).
Under the Federal Rules of Civil Procedure and the Judicial Code, remedies for the purpose of securing satisfaction of a judgment are available under the circumstances and in the manner provided by the law of the state in which the district court sits (See Fed.R.Civ.P. 64; 28 U.S.C. § 1962). Pennsylvania's judicial statutes specifically provide
(a) A judgment creditor who has received satisfaction of any judgment ... shall, at the written request of the judgment debtor, ... enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.
(b) A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) [quoted above] shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.
42 Pa.C.S.A. § 8104. It appears to this Court that a better way of addressing the issue currently before the Court would have been for the judgment debtor to request entry of a satisfaction of judgment, for the judgment creditor to have refused such satisfaction, and for the judgment debtor to pursue its statutory remedy of liquidated damages, thereby more clearly delineating the actual controversy between the parties. However, the facts of this litigation establish the current existence of actual controversy and the Court will accordingly treat plaintiff's motion as one for a declaratory judgment.
In this action, plaintiff, a materialman providing materials for a federally supported construction project, sued the general contractor, the subcontractor, and the *516 surety of the project to recover the balance due and owing plaintiff for the construction materials which plaintiff supplied to the government construction project. Trial was held before this Court, sitting as the finder of fact without a jury on April 20 and 21, 1981. Based on the evidence presented at trial, this Court, in its Memorandum of July 9, 1981, 517 F.Supp. 1178, held that a contractual relationship existed between the materialman and the general contractor, that the plaintiff was relieved from the notice requirement of the Miller Act, and that plaintiff was permitted to recover payment for materials supplied to the project and service charges incurred in providing said materials to the project. On July 9, 1981, the Court therefore entered judgment in plaintiff's favor in the amount of $89,217.96. Pursuant to 28 U.S.C. § 1961 as then written, post-judgment interest was to accrue at the rate of 6% per annum, the statutory rate then in effect.
Defendants appealed the Court's verdict to the United States Court of Appeals for the Third Circuit, which affirmed this Court's decision in an Order dated May 3, 1982, 688 F.2d 827 (1982). Defendants then petitioned for a Writ of Certiorari to the United States Supreme Court. The petition was denied by the Supreme Court on October 4, 1982 (___ U.S. ___, 103 S.Ct. 126, 74 L.Ed.2d 109 (1982)).
In 1982, the United States Congress enacted the Federal Courts Improvement Act of 1982, which, inter alia, amended 28 U.S.C. § 1961 to provide the rate of post-judgment interest received by prevailing parties in federal court litigation be determined according to the market rates concerning the time value of money. Specifically, the Act established a formula for calculating the proper rate of post-judgment interest based on the most recent rates of interest paid to holders of United States Treasury bills. The Act specifically stated that it was to become effective on October 1, 1982. Defendants have paid the amount of the judgment together with post-judgment interest at the rate of 6%. Plaintiff now seeks an award of additional post-judgment interest, contending that the Act applies and that the correct rate of interest to be assessed on this judgment is 13.146% rather than 6%.
Regarding its effective date, Section 402 of the Act states
Unless otherwise specified, the provisions of this Act shall take effect on October 1, 1982.
Thus, the clear language as to the effective date of the Act compels the conclusion that the new market-based rates of post-judgment interest shall not apply to judgments entered prior to October 1, 1982. In the instant case, plaintiff's only basis for contending that the Act applies is the fact that defendants' petition for certiorari was not denied until October 4, 1982. Thus, plaintiff contends that the instant litigation was not finally completed until after October 1.
While plaintiff may be correct in observing that this case was not finally terminated until the denial of certiorari by the United States Supreme Court, it does not follow that the denial of certiorari in any way changed the date of the entry of judgment. The Act provides that it shall apply to the judgments entered after October 1, 1982.
Case law interpreting § 1961 also supports this conclusion. Section 1961 states that
Interest shall be allowed on any money judgment in a civil case recovered in a district court .... Such interest shall be calculated from the date of the entry of the judgment.
In Twin Cities Sportservice v. Charles O. Finley and Co., 676 F.2d 1291 (9th Cir.1982), the Ninth Circuit concluded that the phrase "date of the entry of judgment" found in 28 U.S.C. § 1961 refers to the date judgment was entered in the trial court which is, in this case, this Court's judgment of July 9, 1981. See 676 F.2d at 1309-12. See also Lowe v. General Motors Corp., 527 F.Supp. 54 (D.C.Ala.1981) (interest determined by date of original judgment even if there is *517 remittitur). The 1982 Act did not change this aspect of 28 U.S.C. § 1961.[1]
The Court will therefore enter an Order declaring that since the judgment of this Court was entered on July 9, 1981 and the Federal Courts Improvement Act of 1982 became effective on October 1, 1982, the judgment creditor is entitled to post-judgment interest at the rate of 6% per annum from the date of entry of the judgment for the period from July 9, 1981 to the date when payment is received. An appropriate Order will be accordingly entered.
NOTES
[1] The General Counsel to the Administrative Office of the United States Courts has also concluded that the clear language of the Act requires that "the new rate [of post-judgment interest] will apply only to judgments entered on or after that date [October 1, 1982]. The rate attaches as of the date of judgment and does not change thereafter unless the judgment is vacated and otherwise set aside." (Memorandum to all federal judges from Carl Imlay, July 27, 1982 at 1).