727 F.2d 350
 Frank MAXEY and Mary Amanda Maxey, Individually and as next
Friends of Mary Kathryn Maxey and Carroll Kaylene
Maxey, Minors, Plaintiffs-Appellants,
v.
FREIGHTLINER CORPORATION, Defendant-Appellee.
 No. 83-1079.
 United States Court of Appeals,
Fifth Circuit.
 March 1, 1984.
 
 Windle Turley, Randall R. Moore, Dallas, Tex., for plaintiffs-appellants.
 Elliott, Churchill, Hansen, Dyess & Maxfield, Thomas G. Nash, Jr., Strasburger & Price, Royal H. Brin, Jr., Dallas, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Texas.
 On Petitions For Rehearing and Suggestion for Rehearing En Banc
 (Opinion January 19, 5 Cir., 1984, 722 F.2d 1238)
 Before BROWN, THORNBERRY, and TATE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Both parties have filed petitions for panel rehearing, and the plaintiffs have filed a suggestion for rehearing en banc. The contentions raised in the defendant's application for rehearing, and those raised by the plaintiffs in their suggestion for hearing en banc, were rejected by our original panel decision. Therefore, the defendant's petition for rehearing is DENIED, and--no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, Fed.R.App.P. and Local Rule 35--the suggestion for rehearing en banc is also DENIED.
 
 
 2
 The plaintiffs' application for rehearing points out (1) that our original decision neglected to contain instructions with respect to the allowance of interest, Fed.R.App.P. Rule 37; and (2) that our panel decision neglected to limit the scope of the new trial, if granted upon the plaintiffs' refusal to accept the remittitur, to determining the amount of the exemplary damages. For the reasons to be stated, the plaintiffs are entitled to modification of our judgment in both respects.
 
 
 3
 (1)
 
 
 4
 The district court, 450 F.Supp. 955, entered judgment on April 23, 1978, with a prior order expressly stating that the court granted the defendant's motion for judgment notwithstanding the verdict on the issue of punitive damages as if a "ruling of the court upon the usual motions which follow entry of judgment under Rule 58, Fed.R.Civ.P." (which rule, in essence, requires prompt entry of judgment following a jury verdict). The district court then cited Fed.R.Civ.P. Rule 50(b), with apparent reference to its provision that, on grant of a motion for judgment notwithstanding the verdict, the district court may reopen the judgment and direct the entry of judgment.
 
 
 5
 On the remand, if the plaintiffs accept the remittitur, they are entitled to have the judgment entered on the amount of exemplary damages so awarded specify that this amount (as well as the amount awarded for compensatory damages) shall bear interest from the date of April 23, 1978, the date we construe the district court order as stating that judgment on the jury's verdict for exemplary damages should be deemed to have been entered, only following which was the motion for judgment notwithstanding the verdict deemed to have been granted on this issue. See Watson v. Callon Petroleum Company, 632 F.2d 646 (5th Cir.1980); Givens v. Missouri-Kansas-Texas R. Co. of Texas, 196 F.2d 905 (5th Cir.1952).
 
 
 6
 The defendant relies on Gele v. Wilson, 616 F.2d 146, 149-50 (5th Cir.1980), and its non-award of interest until judgment was entered on the remand. That decision is distinguishable, however, in that the codefendant there at issue, against whom judgment on remand was entered, had not initially been held liable. Unlike the present defendant, such defendant was not subject to entry of adverse monetary judgment until after the appellate court's reversal and remand.
 
 
 7
 Our modification of the judgment in this respect is in accord with the treatise-stated principle that
 
 
 8
 where a court of appeals reverses a judgment notwithstanding the verdict and directs entry of a money judgment on the verdict, the mandate should specify whether interest is to run from the date of entry of the appellate judgment or from the date on which the judgment would have been entered in the district court but for the erroneous ruling corrected on the appeal.
 
 
 9
 15 Wright, Miller, Cooper, and Gressman, Federal Practice and Procedure, Sec. 3983, p. 463.
 
 
 10
 (2)
 
 
 11
 The defendant contends that, if the plaintiffs refuse remittitur and a new trial is granted, the new trial should not be limited to the issue of exemplary damages, as requested by the plaintiffs. Fed.R.Civ.P. Rule 59(a). The defendant argues that the issue of exemplary damages is so interwoven with liability for compensatory damages and liability vel non for exemplary damages, that, instead, any new trial so granted should be as to the plaintiffs' entire claim.
 
 
 12
 Here, the award of compensatory damages was affirmed both on initial panel rehearing, 623 F.2d 395 (5th Cir.1980) and on en banc rehearing, 665 F.2d 1367, 1377, 1379 (5th Cir.1982) (en banc). The judgment notwithstanding the verdict (that rejected the claim for exemplary damages) was vacated by the en banc decision and reversed by the present panel opinion, in which we held that exemplary damages were properly awarded by the jury (although we affirmed a remittitur as to the amount). The issues of liability for the amount of compensatory damages, and of liability for exemplary damages, have been resolved adversely to the defendant as a result of the three prior appearances of this litigation in the appellate court.
 
 
 13
 Here, the district court found in its initial ruling (before the first appeal) that the amount of the exemplary damages awarded was not the product of passion or prejudice or the result of other than strongly held beliefs about the adequacy of the defendant's truck design. No suggestion is found in the record that the jury's court-found excessive award of the damages resulted from or in erroneous findings with regard to liability for compensatory or exemplary damages. To subject the plaintiffs to re-entering the judicial fray, should they reject remittitur, to re-prove liability either for purposes of compensatory or exemplary damages (both issues decided favorably in plaintiffs' favor after three appellate appearances) would be judicially wasteful, as well as unfair to the plaintiffs.
 
 
 14
 As stated at 11 Wright and Miller, Federal Practice and Procedure, Sec. 2814, at pp. 93, 98 (1977):
 
 
 15
 It therefore now may be regarded as settled that if an error at the trial requires a new trial on one issue, but this issue is separate from the other issues in the case and the error did not affect the determination of the other issues, the scope of the new trial may be limited to the single issue. Perhaps the most common example is the grant of a new trial limited to damages when liability has been properly determined....
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 The power to limit a grant of a new trial is not limited to the trial court. The appellate court, in reversing and ordering a new trial, may, when appropriate, provide that the new trial is to be confined to certain issues.
 
 
 19
 See Hadra v. Herman Blum Consulting Engineers, 632 F.2d 1242, 1245-46 (5th Cir.1980), cert. denied, 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981) (re-trial on issue of damages only); Lowe v. General Motors Corporation, 624 F.2d 1373, 1384 (5th Cir.1980) (if the plaintiffs failed to accept a remittitur on amount of punitive damages, the district court "may order a new trial solely on the issue of damages");[1] Davis v. Safeway Stores, Inc., 532 F.2d 489, 491 (5th Cir.1976) (re-trial limited to damages); Stewart v. Atlantic Pipe Line Co., 479 F.2d 311, 312 (5th Cir.1973) (statement of rule granting new trial on issue of damages alone when there is a remittitur ordered); Williams v. Slade, 431 F.2d 605, 608-09 (5th Cir.1970) (full discussion of the issue).
 
 
 20
 Consequently, we find it to be an appropriate exercise of our discretion to specify that any new trial granted should be limited to the issue of the amount of exemplary damages to be awarded. "[W]here, as here, the jury's findings on questions relating to liability were based on sufficient evidence and made in accordance with law, it [is] proper to order a new trial only as to damages." Hadra, supra, 632 F.2d at 1246.
 
 
 21
 The defendant cites decisions, mostly from other circuits or from state courts, that found issues of punitive damages and original liability so interwoven that a full new trial was required. They for the most part concern distinguishable circumstances, where "[t]he common thread ... is that ... as a result of the totality of the circumstances ... the issue sought to be excluded by a partial new trial had not been properly determined initially." Williams v. Slade, supra, 431 F.2d at 609. Thus, in Fury Imports, Inc. v. Shakespeare Company, 554 F.2d 1376, 1389 (5th Cir.1977), cert. denied, 450 U.S. 921, 101 S.Ct. 1369, 67 L.Ed.2d 349, relied upon by the defendant, a re-trial on the issue of liability as well as damages was required because the issue of causation was so intimately tied to both issues; consequently a new trial on the issue of exemplary damages was appropriate, because, inter alia, the plaintiff was "entitled to no punitive damages unless the jury finds for it on liability and awards some actual damages." 554 F.2d at 1389.
 
 Conclusion
 
 22
 Accordingly, with regard to the plaintiffs' petition for rehearing, our original judgment is MODIFIED, as described above, with respect to (1) the specification of the date of interest on any judgment for exemplary damages, should remittitur be accepted and, (2) the limiting of a new trial, should remittitur be rejected, to the issue of the amount of exemplary damages to be awarded. With the judgment thus MODIFIED, the plaintiffs' petition for rehearing is otherwise DENIED.
 
 
 23
 JUDGMENT MODIFIED; IN OTHER RESPECTS, PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC, DENIED.
 
 
 
 [1]
 We do not find to be persuasive the decision on remand, Lowe v. General Motors Corporation, 527 F.Supp. 54 (N.D.Ala.1981), wherein, 527 F.Supp. at 57-58, the district court refused to follow the mandate of the appellate court, partially because it misconstrued the Fury Imports decision, cited in the text infra