842 F.2d 1154
 NORTHROP CORPORATION, Petitioner-Respondent/Appellee,
v.
TRIAD INTERNATIONAL MARKETING S.A., and Triad Financial
Establishment, Respondent-Petitioner/Appellant.
 No. 84-6480.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 30, 1987.
Decided March 29, 1988.
 
 Ronald L. Olson, Munger, Tolles & Olson, Los Angeles, Cal., for respondent-petitioner/appellant.
 John R. McDonough, Ball, Hunt, Hart, Brown and Baerwitz, Los Angeles, Cal., for petitioner-respondent/appellee.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING, Chief Judge, HUG, and THOMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Triad appealed a district court order overturning an arbitration award in Triad's favor. We reversed and reinstated the award. See Northrop Corp. v. Triad Int'l Mktg. S.A., 811 F.2d 1265 (9th Cir.1987). We said nothing about interest. Triad moves to amend the mandate to remedy the omission.[1]
 
 
 2
 Two questions are presented: (1) whether prejudgment and postjudgment interest should be conducted at the rate fixed by federal law or state law;[2] and (2) whether postjudgment interest should run from the entry of the judgment refusing to enforce the arbitrator's award, which we reversed, or from the entry on remand of a judgment enforcing the award.
 
 
 3
 * A. Prejudgment Interest
 
 
 4
 In this case California law controls the rate of prejudgment interest. The recognized general rule is that state law determines the rate of prejudgment interest in diversity actions. See Weitz Co. v. Mo-Kan Carpet, Inc., 723 F.2d 1382, 1387 (8th Cir.1983); Jarvis v. Johnson, 668 F.2d 740, 746-47 (3d Cir.1982). The general rule has been followed in this circuit. James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1569 (9th Cir.1986).
 
 
 5
 Triad argues that an exception should be created for diversity actions seeking enforcement of arbitration awards under the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq., citing Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63 (3d Cir.1986). Sun Ship rests on the faulty premise that suits under the Federal Arbitration Act lie within federal question jurisdiction. This premise has been rejected by the Supreme Court. Southland Corp. v. Keating, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 25, 74 L.Ed.2d 765 (1983); Hirshman, The Second Arbitration Trilogy: The Federalization of Arbitration Law, 71 Va.L.Rev. 1305, 1341 (1985). And we have applied state law to the determination of prejudgment interest in a diversity suit under the Federal Arbitration Act in Lundgren v. Freeman, 307 F.2d 104, 112 (9th Cir.1962).[3]
 
 B. Postjudgment Interest
 
 6
 It is settled that even in diversity cases "[p]ost-judgment interest is determined by federal law." James B. Lansing Sound, 801 F.2d at 1570. See also Roy Stone Transfer Corp. v. Budd Co., 796 F.2d 720, 723 n. 6 (4th Cir.1986); G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir.1985); Weitz Co. v. Mo-Kan Carpet, Inc., 723 F.2d at 1386-7.
 
 
 7
 Northrop's argument that the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), compels application of state law in determining postjudgment interest in a diversity case is fully answered in Weitz, 723 F.2d at 1386-87. Northrop's reliance on Davis & Cox v. Summa Corp., 751 F.2d 1507, 1522 (9th Cir.1985), is misplaced--the judgment in that case was entered in October, 1981, before the 1982 amendment of 28 U.S.C. Sec. 1961, and reflects the prior provision of section 1961 that postjudgment interest was determined by state law.
 
 II
 
 8
 The more difficult problem is selecting the point at which postjudgment interest begins to run. Triad argues postjudgment interest should be awarded from the date of the district court's original order vacating the arbitration award in Triad's favor. Northrop responds interest should run from the date upon which the district court on remand will enter an order enforcing the arbitration award.
 
 
 9
 Northrop's position is supported by the literal language of section 1961, that interest "shall be allowed on any money judgment in a civil case recovered in a district court," and "shall be calculated from the date of the entry of the judgment." It is also supported by the general rule that when an appellate court reverses a judgment for one party and directs entry of a money judgment for the other, postjudgment interest runs from the date of the entry of the second judgment on remand. James B. Lansing Sound, 801 F.2d at 1571 ("This court held [in United States v. Hougham, 301 F.2d 133 (9th Cir.1962),] that 'post-judgment interest should be calculated from the date of the entry of the judgment in which the money damages, upon which interest is to be computed, were in fact awarded.' ")
 
 
 10
 Triad relies upon an exception to the general rule based upon an "equitable" construction of section 1961 in a line of cases holding that if a plaintiff wins a jury verdict, the trial court enters a judgment n.o.v. for defendant, and the appellate court reverses and remands with instructions to enter judgment on the original verdict, then postjudgment interest runs from the entry of the original judgment, not from entry of the new judgment on remand. See Turner v. Japan Lines Ltd., 702 F.2d 752, 754-757 (9th Cir.1983) (per curiam). As we said in Japan Lines, the purpose of section 1961 is to "ensure[ ] that the plaintiff is further compensated for being deprived of the monetary value of the loss from the date of ascertainment of damages until payment by defendant.... Where, as here, the initial ascertainment of damages is left standing but a delay occurs between the date of that ascertainment and the date of the eventual entry of judgment based on that ascertainment, the result should not differ." Id. at 756 (citation & footnote omitted). Other cases applying the j.n.o.v. exception include Buck v. Burton, 768 F.2d 285, 287 (8th Cir.1985), and Maxey v. Freightliner Corp., 727 F.2d 350, 351 (5th Cir.1984).[4]
 
 
 11
 We find the analogy between reinstatement of a jury verdict and reinstatement of an arbitration award a compelling one. In both cases liability has been determined and the amount due has been fixed by a neutral factfinder.[5] In both cases the determination is subject to limited review.[6] In both cases entry of a judgment consistent with the award is mandated in all but exceptional cases.[7]
 
 
 12
 Moreover, in the circumstances of this case, failure to allow postjudgment interest from the entry of the original judgment would penalize parties for choosing arbitration rather than jury trial, contrary to the "national policy favoring arbitration" as an alternative to jury trials. Southland Corp. v. Keating, 465 U.S. at 10, 104 S.Ct. at 858. The theory of the j.n.o.v. cases has been applied in litigation under the Federal Arbitration Act, albeit without acknowledgment. See Merit Ins. Co. v. Leatherby Ins. Co., 728 F.2d 943, 945 (7th Cir.1984) (per curiam) (district court initially entered judgment confirming an arbitration award, but subsequently reconsidered and vacated the award; Court of Appeals reinstated the award and held that postjudgment interest should begin to run as of the date of the initial judgment).
 
 
 13
 Accordingly, we hold that the effective date of judgment for the purpose of calculating interest is the date of the district court's order vacating the arbitration award.
 
 
 14
 The mandate is amended in accordance with this opinion.
 
 
 15
 MANDATE AMENDED.
 
 
 
 [1]
 This is the appropriate procedure when this court fails to include instructions with respect to interest in the mandate following reversal as required by Fed.R.App.P. 37. Turner v. Japan Lines, Ltd., 702 F.2d 752, 753-54 (9th Cir.1983) (per curiam); Advisory Committee Notes to Fed.R.App.P. 37
 
 
 [2]
 Under federal law the rate of both prejudgment and postjudgment interest is the Treasury Bill rate as defined in 28 U.S.C. Sec. 1961 unless the district court finds on substantial evidence that a different prejudgment interest rate is appropriate. Blanton v. Anzalone (II), 813 F.2d 1574, 1576 (9th Cir.1987); Blanton v. Anzalone (I), 760 F.2d 989, 992-93 (9th Cir.1985); Western Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1288-89 (9th Cir.1984)
 Under California law the prejudgment interest rate here would be 7%. See Pacific-Southern Mortgage Trust Co. v. Insurance Co. of North America, 166 Cal.App.3d 703, 716, 212 Cal.Rptr. 754 (1985); Cal. Const. art. XV, Sec. 1; Cal.Civ.Code Sec. 3287 (West 1988). See also Cal.Civ.Code Sec. 3289 (increasing prejudgment interest rate to 10 percent for contracts entered into after January 1, 1986). The postjudgment rate is not more than 10%. Cal.Code Civ.Proc. Sec. 685.010, Cal. Const. art XV, Sec. 1.
 
 
 [3]
 We have recognized an exception to the rule that prejudgment interest is determined by state law in diversity cases involving only claims based on admiralty law principles and no claims based on state law. Columbia Brick Works, Inc. v. Royal Ins. Co., 768 F.2d 1066, 1070-71 (9th Cir.1985). However, only state law claims are presented in the present case
 
 
 [4]
 Equitable exceptions to the rule that postjudgment interest runs only from the date of the judgment awarding the damages upon which interest is to run have been recognized in a variety of situations. See Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1298-1300 (9th Cir.1984); Twin City Sportservice, Inc. v. Charles O. Finley & Co., 676 F.2d 1291, 1309-12 (9th Cir.1982); Lew Wenzel & Co. v. London Litho Supply Co., Inc., 563 F.2d 1367, 1369 (9th Cir.1977); Perkins v. Standard Oil Co., 487 F.2d 672, 676 (9th Cir.1973); Poleto v. Consolidated Rail Corp., 826 F.2d 1270, 1279-81 (3rd Cir.1987); Merrill Lynch, Pierce, Fenner & Smith v. Knudsen, 749 F.2d 496, 497 (8th Cir.1984)
 
 
 [5]
 As Judge Duniway said in Lundgren v. Freeman, 307 F.2d at 112:
 The parties selected arbitrators, rather than a court, as the body that would, in the first instance, determine the amount due. This they had a right to do; this the law encourages them to do. It should be the rule, rather than the exception, that when arbitrators hand down an award the parties will comply with it, without the necessity of court proceedings, just as it is (or should be) the normal or usual result that parties comply with a judgment, without the necessity of resort to process or appeal.
 The Second Circuit has stated:
 Until [arbitration] awards are vacated, they are conclusive as to the rights of the parties.... The district court's judgment should reflect what would have happened had the parties immediately complied with the awards instead of going to court.
 Americas Ins. Co. v. Seagull Compania Naviera, 774 F.2d 64, 67 (2d Cir.1985) (citations omitted).
 
 
 [6]
 See e.g., Northrop Corp. v. Triad Int'l Marketing S.A., 811 F.2d at 1268-69; French v. Merrill Lynch, Pierce, Fenner & Smith, 784 F.2d 902, 906 (9th Cir.1986). In Lundgren v. Freeman, the scope of review of arbitration awards was briefly summarized:
 The scope of review given the courts in overseeing arbitration proceedings under the Federal Arbitration Act is limited. It does not include reviewing questions of law. Section 9 of the Act provides only that the court shall enter judgment on the award, Section 10, that the court may vacate the award for fraud in procurement, corruption, misconduct or exceeding of powers, and Section 11, that the court may correct the award for material miscalculations, exceeding of powers, and imperfection in form. (9 U.S.C. Secs. 9, 10, 11).
 307 F.2d at 110.
 
 
 [7]
 Just as Fed.R.Civ.P. 58 anticipates the entry of judgment immediately after the jury reaches a verdict, so too the winner of an arbitration award usually obtains immediate confirmation of that award by the courts under section 9 of the Federal Arbitration Act: "any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. Sec. 9 (emphasis added)