958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dana CAMPBELL et al., Plaintiffs-Appellee and Cross-Appellants,
v.
REMINGTON ARMS COMPANY, Defendant-Appellant and Cross-Appellee,
 Nos. 89-35191, 89-35227.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided March 24, 1992.
 
 Before HUG, NOONAN, and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The cause of action concerned in this appeal arose from an injury Dana Campbell sustained in August 1985 while on safari in Botswana. After loading his customized rifle, which was built on a Remington Model 700 barreled action, Campbell closed the bolt. The rifle immediately discharged, firing a bullet through Campbell's left foot. Contending that the fire control system of the Model 700 rifle was defectively designed, Campbell brought a products liability suit in Alaska state court against Remington Arms Company. Remington removed the case to the U.S. district court in Anchorage, which possessed diversity jurisdiction.
 
 
 3
 After an eleven and a half day trial, the jury returned a verdict against Remington on products liability, and also found that Campbell was not comparatively negligent. The jury awarded Dana Campbell a total of $724,000 in damages for past and future economic loss and medical expenses. No damages were given for his pain and suffering, emotional distress, and loss of enjoyment of life, nor for loss of consortium on the part of his wife and children. The jury also rejected Campbell's claim for punitive damages. Judgement in the district court was entered on December 6, 1988 and amended on January 20, 1989. In a timely fashion, Campbell appeals and Remington cross-appeals to this court.
 
 I. Evidentiary Rulings
 
 4
 Both Campbell and Remington make numerous allegations of error on the part of the trial judge in admitting or excluding certain Remington documents. For example, Campbell maintains that evidence relating to the Remington model 600 should have been admitted at least as to the issue of notice for purposes of punitive damages. By contrast, Remington contends that the trial court should also have excluded evidence on alleged similar incidents involving other Model 700 rifles.
 
 
 5
 A district court's rulings on the admissibility of evidence are reviewed for abuse of discretion. Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir.1986). No such abuse exists in this case. As the transcript of the lengthy evidentiary hearing demonstrates, the district court scrupulously balanced the probative weight of the various documents and deposition testimony against its prejudicial effect in making decisions on the admissibility of evidence. Furthermore, its decision to exclude evidence relating to the Model 600 and to admit evidence on the Model 700 accords with the holding of the Eighth Circuit in Lewy v. Remington Arms Co., 836 F.2d 1104 (8th Cir.1988).
 
 A. Campbell's Appeal
 
 6
 Campbell raises three other issues on appeal. He contests the district court's denial of his motion for a partial new trial for damages not awarded by the jury. It is Ninth Circuit law that a plaintiff must object to a no damages verdict at the time that verdict is read. Philippine Nat. Oil Co. v. Garrett Corp., 724 F.2d 803 (9th Cir.1984). Since Campbell failed to do so, he waived his objections to the damage award.
 
 
 7
 Campbell's other contentions lack any merit. Campbell accuses the trial court of abusing its discretion in awarding post-judgment interest according to the rule laid down in a Ninth Circuit case, Northrop Corp. v. Triad International Marketing, S.A., 842 F.2d 1154 (9th Cir.1988). In Northrop, this circuit rejected Campbell's argument that the rate of interest should be governed by state law under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).
 
 
 8
 Campbell next contests the district court's award of costs and fees. He complains that the court abused its discretion by refusing to award additional fees in compensation for the complexity of the litigation. However, the court's conclusion that any such complexity stemmed largely from counsel's trial tactics finds ample support in the record. Campbell also protests that costs should have been taxed pursuant to Alaska law rather than according to 28 U.S.C. § 1821. The result he seeks was precluded by a decision of the United States Supreme Court that he conveniently fails to cite, Crawford Fitting Co. v. I.T. Gibbins, Incl., 482 U.S. 437 (1987).
 
 B. Remington's Cross-Appeal
 
 9
 In addition to the evidentiary questions discussed above, Remington raises four other issues. Claiming the persistent misconduct of Campbell's counsel fatally prejudiced its case, Remington challenges the district court's denial of its motion for a new trial. We review for abuse of discretion. Ortiz v. Bank America National Trust and Saving Association, 852 F.2d 383 (9th Cir.1988). The record shows that the district court ruled on specific issues in a consistently responsible and evenhanded manner.
 
 
 10
 Remington next asserts that the district court wrongly admitted testimony from Campbell's expert John Butters that was inappropriately speculative and beyond the realm of his expertise. We review for abuse of discretion. Taylor v. Burlington Northern R. Co., 787 F.2d 1309 (9th Cir.1986). The transcript of the extensive voir dire which Butters underwent before testifying convinces us that Remington's contention is groundless.
 
 
 11
 Remington also maintains that the district court erred in rejecting its proposed jury instruction on comparative negligence, which related to the plaintiff's product misuse. This contention is devoid of merit. The district court rightly gave the version of Alaska Pattern Jury Instruction 7.06 appropriate for causes of action accruing before the Alaska Tort Reform Act took effect. In Pre-Tort Reform products liability cases, the defendant was not entitled to a comparative negligence instruction on product misuse. Dura Corporation v. Harned, 703 P.2d 396 (Alaska 1985).
 
 
 12
 Remington lastly avers that it is entitled to a new trial because the record on appeal lacks a transcript of sidebar conferences. Remington believes that this deficiency hinders effective appellate review of its allegations of attorney misconduct. For two reasons, this issue is spurious. First, the district court indicated to counsel that sidebar conferences were not to be on the record absent a specific request to that effect.
 
 
 13
 Second, even if Remington rightly assumed in all good faith that sidebar conferences were routinely recorded, reversal on this point is not indicated under the controlling case of Bergerco, U.S.A. v. Shipping Corporation of India, Ltd., 896 F.2d 1210 (9th Cir.1990). The extant record more than sufficed to give an accurate flavor of the interactions among opposing counsel and the trial court. Consequently, the lack of a transcript of sidebar conferences did not materially affect our ability to review Remington's allegations of attorney misconduct.
 
 
 14
 The district court handled this protracted case and contentious counsel with civility, wisdom, and impartiality. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3