ROY STONE TRANSFER
CORPORATION,
Appellant,

v.

The BUDD COMPANY, Appellee.

No. 85–1238.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 6, 1985.
Decided July 31, 1986.

William F. Stone, Jr. (Stone & Worthy, Martinsville, Va., on brief), for appellant.

John L. Gregory, III (Young, Haskins, Mann, Gregory & Young, Martinsville, Va., on brief), for appellee.

Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.

WIDENER, Circuit Judge:

Roy Stone Transfer Corporation (Stone), a common carrier of freight, brought a civil action against the Budd Company, a truck trailer manufacturer, for damages resulting from its purchase of defective trailers from Budd Company. Stone filed the action in the Circuit Court of Henry County, Virginia, and the Budd Company removed to the federal district court pursuant to 28 U.S.C. § 1441. Stone alleged that the Budd Company breached both its express and implied warranties in the sale of "closed top" and "open top" trailers to Roy Stone Transfer in 1976 and 1977.

After a trial to the court on the merits, the district court awarded Stone $49,212.64

for general and consequential damages for 22 trailers purchased in 1977. The district court denied recovery for damages for a group of 20 trailers purchased in 1976 on the ground that the applicable statute of limitations had run as to those trailers.[1]

Stone appeals, claiming that the district court erred in concluding that the statute of limitations barred recovery as to the open top trailers purchased in 1976. It also seeks a review of the district court's award of damages, claiming that the amount awarded was inadequate. The Budd Company did not file a cross-appeal in this court but asks us to vacate that part of the district court's order awarding post-judgment interest for the period of this appeal. We affirm the district court's judgment in all respects.

Stone purchased twenty open top trailers from the Budd Company in 1976. Stone accepted delivery of these trailers by June 29, 1976. The trailers were immediately put into service. Stone paid for the trailers on August 6, 1976. On August 5, 1977, one of these trailers collapsed. A second one collapsed on March 27, 1978. On April 6, 1978, counsel for Stone wrote the Budd Company regarding the problems that had developed with the open top trailers. James H. Howarth, Jr., General Manager of the Budd Company, responded by letter dated April 13, 1978 assuring that the Budd Company would stand behind its product. Following the exchange of letters, the Budd Company inspected the trailers and paid Roy Stone Transfer for its losses on the two collapsed trailers.

Following these repairs, two more trailers collapsed in 1978 and 1979. Stone filed this action against the Budd Company on July 18, 1980.

Both parties acknowledge that the applicable statute of limitations is to be found in Va. Code § 8.2–725 which provides in part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

▪ Stone concedes that the four year statute of limitations had run as to the trailers delivered in June 1976. It contends, however, that the Budd Company is equitably estopped from raising the running of the statute of limitations because of the Budd's attempted repairs of the trailers and because of the 1978 letter by Howarth indicating Budd's assurance of standing behind its product. Relying upon *City of Bedford v. James Liffel & Co.*, 558 F.2d 216 (4th Cir.1977), Stone contends that it was lulled into inaction to its detriment by the Budd Company's assurances and attempted repairs.

After reviewing all of the evidence, we cannot say that the district court was clearly erroneous in finding that there was no evidence to support a claim of equitable estoppel. The district court's construction of the 1978 letter[2] from Howarth, that it was not an unconditional promise to repair the trailers but instead was a general statement that the Budd Company would stand behind its products, and the context in which it was written is factual, and we decline to hold it clearly erroneous. The letters in the *Bedford* case relied on by plaintiff in contrast contained such expressions as "please bear with us as we are trying earnestly to be helpful and work this

---

1. Stone does not appeal the district court's holding as to the closed top trailers.

2. That letter in part said: "I want to give you both the Budd Company's and my personal assurance that we will continue to stand behind

the product we manufacture just as we always have.... I again want to assure you that we do stand behind our product, as you know from our many years of experience together."

out." But, and just as important, there was no evidence to show that Stone acted to its detriment upon that letter. That letter was written more than two years before the statute of limitations ran on the first group of trailers, and Stone did not produce any evidence that it was lulled into inaction by that letter. We agree with the district court that the Budd Company's attempted repairs, standing alone, are not enough to prevent it from raising the statute of limitations as a defense to this action.

■ Stone next argues that the trial court incorrectly computed the damages awarded on the open top trailers purchased in 1977. Stone paid $9,394 each for those trailers. Roy Stone testified that he valued those trailers at the time of trial at $3500 to $4000 each. The Budd Company produced testimony of Ronald A. Bray, who testified that in his opinion the trailers had a value of $5000 and Bobby Ray Hogan who valued the trailers at $4000–$5500. Both of the Budd Company's witnesses were familiar with the value of such trailers and testified that there was no difference in the value of the Stone trailers and other like used trailers with no history of structural failure.

The district court correctly stated that the measure of damages for breach of warranty is the "difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." Va. Code § 8.2–714(2). After reviewing all of the evidence, the trial court disagreed with the Budd Company's witnesses and found that the value of the trailers was diminished by the structural problems but not to the extent claimed by Stone. The trial court then awarded general damages of $2000 per trailer for a total of $40,000.[3] This finding by the trial court is not clearly erroneous, and we affirm its computation of damages.

■ The district court awarded Stone interest on its judgment as 28 U.S.C. § 1961 requires. The Budd Company asks us to decide that Stone is not entitled to interest during this appeal following the Budd Company's tender of payment. On February 11, 1985, the Budd Company tendered payment of the judgment plus applicable interest to date to Stone on the condition that the tender represented "full, complete and final satisfaction" of the judgment. This clearly implied, as Budd admits, that Stone would not appeal. Stone refused to accept the Budd Company's tender of payment. The Budd Company then filed a motion in the district court to suspend the accrual of interest from February 11, 1985, the date of its tender of payment to Stone. Stone filed its notice of appeal on March 6, 1985, before the district court had acted on the Budd Company's motion.[4]

---

3. The district court also awarded damages in the total sum of $9,212.64 for actual repairs to the remaining two trailers. Neither party challenges that award.

4. Because the district court did not rule on the Budd Company's motion before the notice of appeal was filed, we must consider whether that motion should properly be considered a motion to alter or amend the judgment under Fed.R. Civ.Proc. 59(e). If so construed, this court would be without jurisdiction over this appeal until the district court first acted upon the motion. We do not, however, believe that the Budd Company's motion should be construed as a 59(e) motion. First, the motion, filed February 13, 1985, was not filed within ten days of the judgment, which was entered January 17, 1985, as required by Rule 59(e) and hence is not timely to deprive this court of jurisdiction under Fed.R.App.Proc. 4(a)(4). This ten day period is computed from January 17, 1985, the date of the district court judgment. The district court's February 4, 1985 denial of a motion filed by Stone on January 25, 1985 to alter or amend the judgment did not extend the Budd Company's time for filing its own 59(e) motion. See *Harrell v. Dixon Bay Transp. Co.*, 718 F.2d 123, 126–128 (5th Cir.1983); 6A Moore's *Federal Practice* ¶ 59.13; 16 Wright, Miller, Cooper & Grossman *Fed'l Pract. & Proc.* § 3950 at 257 (1986 Supp.).

Additionally, we see the motion as no more than an attempt by the Budd Company to enlist the support of the district court to put pressure on Stone to accept its compromise offer to pay the judgment if Stone would not appeal. Having failed, in approaching Stone directly, to get Stone to agree to the compromise, the Budd Company then sought to get the district court to stop the running of interest because of Stone's refusal to settle. The district court had no juris-

■ There is case authority for the proposition that interest on a judgment does not accrue during the pendency of a successful plaintiff's appeal, particularly when the defendant has tendered payment of the judgment to the plaintiff.[5] We need not decide, however, whether or not that rule applies in this circuit because, in the exercise of our discretion, *Bates v. Dresser*, 251 U.S. 524, 531–32, 40 S.Ct. 247, 249–50, 64 L.Ed. 388 (1920), we are of opinion that any such rule should not be applied in a case such as this, where the tender of payment of the judgment was conditioned upon the successful plaintiff's abandoning all rights of appeal, and where the principal point on appeal does not concern damages, rather the statute of limitations. We leave for another day the question of an unconditional tender or an appeal which concerns only damages.[6]

The judgment of the district court is accordingly

AFFIRMED.

---

diction to force a party to settle and conversely could not penalize a party for refusing to do so.

The Budd Company's position before this court, then, is that if we affirm the judgment below, it would be fundamental error to allow interest on that judgment. See *Stewart v. Hall,* 770 F.2d 1267 (4th Cir.1985). For the reasons stated in the text of the opinion, we find no error at all in allowing such interest, much less fundamental error.

5. See Dobbs, *Remedies* § 3.5 at 176–177, esp. n. 46–47. Compare *Jesser v. Mayfair Hotel,* 360 S.W.2d 652 (Mo.1962); *Quality Molding Co. v. American Nat. Fire Ins. Co.,* 287 F.2d 313 (7th Cir.1961), with *Kelly v. Redev. Auth. of Allegheny Co.,* 411 Pa. 210, 191 A.2d 393 (1963); *Woodmont Inc. v. Daniels,* 290 F.2d 186 (10th Cir. 1961). The cases are in disarray as Dobbs and the Annotation in 15 ALR3d at 411 point out.

6. While the Budd Company correctly cites *Skipwith v. Clinch,* 6 Va. (2 Call) 253 (1800), as standing for the proposition that under Virginia law a plaintiff is not entitled to post-judgment interest during an appeal which he prosecutes, federal law, not state, controls the question here. *G.M. Brod. & Co. Inc. v. U.S. Home Corp.,* 759 F.2d 1526 (11th Cir.1985); *Weitz Co. Inc. v. Mo-Kan Carpet Inc.,* 723 F.2d 1382 (8th Cir. 1983). But see *Davis & Cox v. Summa Corp.,* 751 F.2d 1507 (9th Cir.1985).