The TRAVELERS INSURANCE COMPANY, Plaintiff–Appellee,

v.

TRANSPORT INSURANCE COMPANY, Defendant–Third–Party Plaintiff–Appellee,

v.

Federal Insurance Company, Third–Party Defendant–Appellant.

No. 87–1478.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1987.

Decided April 28, 1988.

As Amended May 3, 1988.

---

\* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

James W. Riley, Jr., Callahan & Riley, Indianapolis, Ind., for FIC.

Robert M. Edwards, Jr., Jones, Obenchain, Ford, Pankow & Lewis, South Bend, Ind., for Travelers Ins.

John E. Doran, Doran, Manion, Boynton, Kamm & Esmont, South Bend, Ind., for Transport Ins.

Before HARLINGTON WOOD, Jr., COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

In a diversity of citizenship jurisdiction suit, Federal Insurance Company appeals the district court's decision ordering Federal to pay prejudgment interest of 8% and post-judgment interest of 12% on a sum of money that Federal and Travelers Insurance Company owed to Transport Insurance Company for settlement of a disputed claim. We reverse and remand.

### I.

On August 28, 1982, Flanigan Tires, Inc. entered into a "trip lease" agreement with Commercial Lovelace Motor Freight, Inc. whereby Flanigan Tires would lease its truck to Commercial Lovelace to transport a load of tin cans from West Chicago, Illinois to Columbus Grove, Ohio. Clinton J. Flanigan, the chairman and sole shareholder of Flanigan Tires, picked up the load the next day. While Flanigan was driving his company's truck *en route* through Starke County, Indiana, he made a left turn in front of an automobile causing the automobile to collide with the Flanigan truck. Robert Spriggs, a passenger in the automobile, was killed and his son, Eric, was injured in the accident.

On January 12, 1983, Eric Spriggs and the estate of Robert Spriggs brought suit against Mr. Flanigan, Flanigan Tires, and Commercial Lovelace in the United States District Court for the Northern District of Indiana, alleging negligence on Flanigan's part in the operation of the tractor-trailer unit. At the time of the accident, Mr. Flanigan and Flanigan Tires were insured for motor vehicle liability up to a limit of $500,000 per accident under a policy issued by Travelers Insurance Company, and car-

ried an excess liability policy issued by Federal Insurance Company with a limit of $1,000,000. Transport Insurance Company covered Commercial Lovelace's motor vehicle liability up to a limit of $5,000,000.

On September 22, 1983, Travelers filed a declaratory judgment action in the Circuit Court of St. Joseph County, Indiana, naming Transport as the defendant and seeking a determination as to which policy provided primary coverage under Indiana law. Transport removed the suit to the United States District Court for the Northern District of Indiana and joined Federal as a third-party defendant.

Because counsel for Travelers and Transport were concerned that the jury might return a large verdict in favor of the Spriggs in their claims against Mr. Flanigan, Flanigan Tires, and Commercial Lovelace, they determined that it was in the best interest of both companies to settle the Spriggs' claims for $785,415.00 on April 29, 1984. Under the oral agreement, not reduced to writing, Travelers and Transport each contributed an equal sum of $392,707.50 to the settlement package.

After exhaustive briefing and argument by the respective parties, the district court entered an order in the declaratory judgment action on January 29, 1985. The court held that under Indiana law, Travelers' $500,000 policy afforded primary coverage on the underlying loss, Federal's $1,000,000 excess liability policy applied after exhaustion of Travelers' policy, and Transport's $5,000,000 policy applied after exhaustion of Travelers and Federal's policies. The district court entered judgment in accordance with its order on January 30, 1985. On appeal, this Court affirmed the district court's decision on April 3, 1986, and a request for rehearing was denied on July 17, 1986. *See Travelers Insurance Co. v. Transport Insurance Co.,* 787 F.2d 1133 (7th Cir.1986).

On October 14, 1986, Transport filed its Petition for Further Relief in the district court, requesting a specific monetary judgment against Travelers and Federal. In this petition, Transport alleged:

"On July 22, 1986, the undersigned, as attorney of record for Transport Insurance Company, made a written demand upon attorneys of record for Travelers/Federal for reimbursement of Transport's contribution to the settlement of the Spriggs' case, together with interest thereon. Subsequently, Travelers Insurance Company advised that due to the settlement of a claim of the driver of the Spriggs' vehicle, against Commercial Lovelace, Flanigan and Flanigan Tire Company, Inc., the net proceeds of its insurance available for reimbursement of Transport was in the sum of Eighty Four Thousand Two Hundred Forty Five and no/100 ($84,245.00) Dollars.

On August 15, 1986, Travelers Insurance Company's counsel forwarded to the undersigned counsel Travelers' voucher payable to Transport in the sum of Eighty Four Thousand Two Hundred Forty Five and no/100 ($84,245.00) Dollars, which voucher was returned to Travelers' attorney. On August 20, 1986, Travelers' counsel paid said sum of Eighty Four Thousand Two Hundred Forty Five and no/100 ($84,245.00) Dollars into the Clerk of this Court, and obtained the Clerk's receipt No. 6737, disclosing said payment, a photocopy of which is attached hereto, made a part hereof, and marked as Exhibit 'A'. On September 4, 1986, Federal Insurance Company's counsel forwarded to the undersigned, Chubb Group of Insurance Company's voucher in the sum of Three Hundred Eight Thousand Four Hundred Sixty Two and 50/100 ($308,462.50) dollars which voucher Transport refused to accept, and returned to Federal's attorney. A copy of Federal Insurance Company's attorney's letter is attached hereto, made a part hereof, and marked as Exhibit 'B'."

Neither copy of Transport's written demand to Travelers or Federal was included with Transport's petition, and the petition fails to explain Transport's reasoning in rejecting the tendered drafts from Travelers and Transport. The petition contained a request for prejudgment interest at the Indiana statutory rate of 8% from August

29, 1982, the day the underlying action was settled, and post-judgment interest at a rate of 12% from January 29, 1985, the date the district court decided the issue of primary coverage in the declaratory action.

After answering the petition, Federal filed a request for production of documents to Transport and Travelers, seeking the complete claim files concerning the Spriggs accident and Transport's entire underwriting file pertaining to its Commercial Lovelace insurance coverage. Both Travelers and Transport objected to Federal's discovery request on the grounds that the requested documents were "irrelevant and immaterial to any issue in this cause and will not lead to the discovery of relevant or material evidence and is further burdensome and oppressive."

The district court held a hearing on December 12, 1986 where there was a general discussion of Transport's theory of recovering interest on the funds that Federal and Travelers owed. In addition, counsel for Transport and Travelers stated that they had never discussed the issue of interest when each agreed to pay half of the settlement agreement, and further informed the court that the oral agreement had not been reduced to writing. After hearing the arguments, the district court stayed all discovery, stating, "I don't see any need for it yet. I am going to try to deal with the pleadings in terms of the arguments that you have presented and make a ruling in writing and then see where we go from there...."

In an attempt to clarify its position on the issue of interest, Federal filed a supplemental brief on January 15, 1987 in response to the oral argument of December 12. One of the points which Federal stressed was that if it owed any interest to Transport, the interest should be calculated on $308,462.50 (the amount that Federal owed to Transport), and not $391,707.50 (the sum that Travelers and Federal owed to Transport). Federal also argued that it should not have to pay Transport any prejudgment interest prior to the date of August 15, 1986, the day Travelers tendered its draft to Transport in the amount of

$84,245.00, because the liability of Federal, as an excess insurer, arose only after the limits of Travelers' primary policy were exhausted. Federal claimed that it owed Transport no post-judgment interest because Indiana law provides for interest on judgments for money, and no judgment for money had yet been entered, only a declaration of rights.

On February 18, 1987, the district court issued its order directing Travelers to pay Transport $84,245.00 and Federal to pay Transport $308,462.50. The district court also concluded that under Indiana law, Transport was entitled to prejudgment interest at a rate of 8% and post-judgment interest at a rate of 12% on the sum of $392,707.50. The court ordered Federal to pay all of the prejudgment interest from the day the underlying action was settled, April 29, 1984, until the day before the district court decided the issue of primary coverage in the declaratory action, January 28, 1985. The district court also ordered Federal to pay all post-judgment interest from January 29, 1985 until the date of payment.

## II.

■ Initially, we address Federal's arguments concerning the district court's decision to award Transport prejudgment interest from April 29, 1984 to January 28, 1985. In diversity actions such as this case, a federal court must look to state law to determine the propriety of prejudgment interest on a recovery. *Simmons, Inc. v. Pinkerton's, Inc.*, 762 F.2d 591, 607 (7th Cir.1985). In *Simmons*, this Court noted:

"Under Indiana law, prejudgment interest is proper when damages are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation at the time damages accrue, but is not appropriate when the [fact finder] must use its best judgment to assess the amount for past and future injury elements not measurable by fixed standards of value."

*Id.* (citations omitted). According to the Indiana courts, the policy behind an award of prejudgment interest is premised upon

the theory "that there has been a deprivation of the use of money or its equivalent and that unless interest is added the injured party can not be fully compensated for the loss suffered. Interest is recoverable not as *interest* but as additional damages to accomplish full compensation." *Indiana Insurance Co. v. Sentry Insurance Co.*, 437 N.E.2d 1381, 1391 (Ind.Ct. App.1982) (citations omitted, emphasis in original).

In the case at hand, the district court awarded prejudgment interest at a rate of 8%, pursuant to Ind.Code § 24–4.6–1–102 which applies "[w]hen the parties do not agree on the rate." Moreover, Indiana law provides:

"Interest at the rate of eight percent (8%) per annum shall be allowed:

(a) From the date of settlement on money due on any instrument in writing which does not specify a rate of interest . . . ;

(b) And from the date an itemized bill shall have been rendered and payment demanded on an account stated, account closed or for money had and received for the use of another and retained without his consent."

*Id.* § 103. The district court reasoned that Transport had been wrongfully deprived of its funds since the time it paid the settlement on April 30, 1984 until the day before summary judgment was entered in favor of Transport in the declaratory action, January 28, 1986. The court also concluded that Transport made the equivalent of demand for payment on September 22, 1983 (when Travelers filed its complaint for declaratory judgment) and on November 7, 1983 (when Transport filed a third-party complaint). Federal challenges the district court's conclusions in several respects, including: (1) that Transport waived or was estopped from claiming any interest by failing to expressly reserve the right to seek interest in its oral settlement agreement with Travelers and by misleading Federal into believing that it would not claim interest when its counsel admitted at the hearing that the parties had not discussed the issue of interest when reaching the settlement agreement; (2) that Transport was

not an "injured party" as defined under Indiana law because Transport voluntarily contributed to the settlement and benefitted from the speedy, out-of-court resolution of a serious accident claim, and Transport failed to make the necessary demand until July 22, 1986; (3) that any prejudgment interest award should not have commenced until Travelers tendered its remaining funds to Transport and the exact amount owed by Federal was ascertained; and (4) that Federal's obligation to pay any prejudgment interest ceased when it deposited the funds into the district court, furthermore pointing out that Federal derived no benefits from the funds after this time. Federal also argues that the district court erred in limiting discovery prior to ruling on Transport's Petition for Further Relief.

■ In the instant case two insurance companies entered into a "temporary settlement" on a disputed claim; this contractual arrangement was oral and informal, and there is nothing in the record to establish what the parties' intentions were concerning the payment of prejudgment interest. After our review of the record and noting the sparsity of information on the prejudgment interest question contained therein, we believe it was incumbent on the district judge to have made a far more detailed inquiry and findings as to the nature of the understanding between the two companies with respect to interest. We are convinced that we need to know far more about the prejudgment interest situation in this case than is revealed in the record before we attempt to address the issues raised on appeal and arrive at a well-reasoned decision. Obviously, this is neither the first time nor is it the last time that a settlement arrangement of this nature will be agreed upon by two insurance companies, and furthermore there may well be an industry practice with respect to the interest situation which might have implicitly been part of their understanding. Thus, in the interest of fairness we feel compelled to remand the matter to the district court for a more extensive probe, either by affidavit or testimony, on the question of interest, and more specific findings thereon.

■ Moreover, we are convinced that the district court should not have dealt with the case in such a summary fashion, and thus we hold that the judge's action in curtailing all discovery before ruling on Transport's motion was in error. While a district court is vested with broad discretion in denying discovery, it is reversible error if the denial resulted in actual and substantial prejudice to the complaining litigant. *Otis Clapp & Son v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir.1985). Here, Federal was prejudiced by the district judge's denial of all discovery because he did not allow these prejudgment issues to be explored, and we are in no position to know what the parties' intentions were or their usual practice in the insurance industry without the benefit of adequate discovery. If the district judge were to allow *measured* discovery limited to this issue (certainly not the type of discovery which Federal originally requested) and then were to hold a hearing on the exact nature of the contractual understanding between the insurance companies, we would be in far better shape to do justice among the parties on appeal.

### III.

Federal maintains that the district court's award of post-judgment interest was improper. The district court reasoned that Indiana law controlled any post-judgment interest award. The judge applied Ind.Code § 24–4.6–1–101, which provides for interest of 12% on judgments for money "from the date of the return of the verdict or finding of the court until satisfaction." The judge ruled that post-judgment interest should run from the date the summary judgment was entered in favor of Transport in the declaratory action to the date of payment.

■ While state law applies to an award of prejudgment interest in diversity suits, federal law governs the award of post-judgment interest in cases such as this one. *Simmons*, 762 F.2d at 607. 28 U.S.C. § 1961(a) provides for interest from the date of judgment at a floating rate determined by the coupon yield of United States Treasury Bills and applies to "any judgment in a civil case recovered in a district court." As the Eighth Circuit explained in *Weitz Co. v. Mo–Kan Carpet*, 723 F.2d 1382 (8th Cir.1983):

"No exemption is made for actions based on diversity of citizenship. This court must apply an applicable federal provision over a conflicting state provision, unless the federal provision is found unconstitutional. *See Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965); U.S. Const. art. VI cl. 2. We believe that the new federal interest statute is constitutional and therefore governs the award of postjudgment interest in this case.... In our view, ... the question of Congress's constitutional power to pass a law fixing a rate of interest on judgments entered by federal courts is not substantial. Congress has the power, under Article III of the Constitution, to ordain and establish inferior federal courts, including this Court and the District Court which entered the judgment below. It also has the power to pass all laws necessary and proper for the execution of powers specifically granted. The accrual of interest on judgments is an ordinary incident of judicial relief, and we think it clear that the power that creates the tribunal that entered the judgment can also provide for such ordinary incidents.

The *Erie* doctrine does not require a different result. Even if the rate of interest that a judgment will bear is in some sense 'substantive,' in that it is a part of the damages recovered by the winning side, it is also easily susceptible of characterization as 'procedural,' since it has to do exclusively with events that occur after a dispute gets to court. The question of interest, therefore, is at most in 'the uncertain area between substance and procedure,' and 'rationally capable of classification as either.' *Hanna v. Plumer, supra*, 380 U.S. at 472, 85 S.Ct. at 1144. It is therefore a subject with respect to which Congress has full power to legislate, even as to cases that get into the federal courts only because of diversity of citizenship."

*Id.* at 1386. *See also Bailey v. Chattem, Inc.,* 838 F.2d 149, 152 (6th Cir.1988); *Roy Stone Transfer Corp. v. Budd Co.,* 796 F.2d 720, 723 n. 6 (4th Cir.1986); *G.M. Brod & Co. v. U.S. Home Corp.,* 759 F.2d 1526, 1542 (11th Cir.1985); *Elias v. Ford Motor Co.,* 734 F.2d 463, 467 n. 6 (1st Cir.1984) (dictum). The district court therefore erred in applying the Indiana statute to determine the rate and time period for calculating post-judgment interest. On remand, the district court should look to federal law to determine the rate and date to be used to trigger post-judgment interest under 28 U.S.C. § 1961(a). *See Bailey v. Chattem, Inc.,* 838 F.2d at 153.

### IV.

 Federal also questions the district court's decision ordering it to pay all of the interest on the money owed to Transport when $84,245 of that amount was owed by Transport. The district court's order fails to set forth any reasoning for its decision, and we do not believe that Travelers should have been exempted from the payment of any interest which was owing. While the limits of Travelers' policy do govern its liability with respect to its insured, the limitation of liability does not affect its obligations on independent settlement contracts entered into with other insurance companies with respect to a loss. The simple fact is that Travelers has had the use of Transport's money for a long period of time, and the record is void of any explanation why the entire burden for the use of that money should be shifted to Federal as the excess insurer.[1]

### V.

The decision of the district court is REVERSED and the case is REMANDED for such additional proceedings as may be appropriate.

---

1. Travelers and Transport claim that Federal has waived this issue on appeal by failing to raise it in the district court. The record reveals, however, that Federal did raise the issue in its supplemental brief filed after the hearing but before the district court rendered its decision. In its supplemental brief, Federal argued that it should only be responsible for interest on the money it owed to Transport, and not on the entire amount. Hence, the argument was sufficiently presented to the district court for purposes of preserving the argument for appellate review.