**FOREST SALES CORPORATION,**
**Plaintiff–Appellant,**

v.

**Walter BEDINGFIELD,**
**Defendant–Appellee,**

**Rufus McLarty, Defendant.**

**No. 88–2957.**

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1989.

Decided July 31, 1989.

Brian C. Pitts (William M. Bowen, Bowen & Smoot on brief), for plaintiff-appellant.

Daniel Webster Williams (John W. Harte, Jr. on brief), for defendant-appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

PHILLIPS, Circuit Judge:

Forest Sales Corporation (Forest) appeals the district court's decision that in diversity actions postjudgment interest should be paid at a federal, rather than state, rate. It also appeals the partial denial of postjudgment attorney's fees. We affirm.

I

In April 1981 Forest began transacting business on an open account with Carolina Wood Preserving, Ltd., also known as Carolina Wood Preserving, Inc. Walter Bedingfield and Rufus McLarty (collectively "Bedingfield") personally guaranteed this account. One year later, in April 1982, Forest brought suit for the balance of the account plus interest and attorney's fees. In October 1985, Bedingfield confessed judgment for the principal amount of nearly $100,000. In January 1986, the district court awarded Forest $15,000 in attorney's fees. On appeal, we increased attorney's fees to $30,000 and granted Forest prejudgment interest. *Forest Sales Corp. v. McLarty*, 800 F.2d 260 (4th Cir.1986).

In September 1987 Forest moved for both postjudgment interest and attorney's fees. Bedingfield in turn requested a ruling on whether the appropriate rate for postjudgment interest should be based on a state or federal rate. These and other issues were referred to a magistrate for disposition. In July 1988 the magistrate held that postjudgment interest should be paid at a federal rate and granted attorney's fees under Rule 11 for Bedingfield's failure to appear for a deposition. The remaining postjudgment attorney's fees requested were denied. The district court affirmed the magistrate's order in October 1988. This appeal followed.

II

■ Forest contends that in diversity actions a federal court must apply, under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the state rather than federal rate for postjudgment interest. Forest therefore insists that the

federal statute on postjudgment interest, 28 U.S.C. § 1961(a), is inapplicable in the present case.

Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Prior to its 1982 amendment, this statute stated that interest should be calculated "at the rate allowed by state law." As amended, however, the statute provides that interest should be calculated at a rate equal to the United States Treasury Bill rate. If applicable in *Forest's* case, it would receive interest at the then appropriate federal rate of 7.87%, rather than at the statutory South Carolina rate of 14%.

Forest faces the difficult task of challenging both the plain language of the § 1961 (allowing postjudgment interest "on *any* money judgment in a civil case recovered in a district court") and the fact that all circuits that have ruled on this issue thus far have held that § 1961 is properly applied in diversity actions and that therefore the *federal* rate of postjudgment interest should apply. *See Nissho–Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 623–24 (5th Cir.1988); *Bailey v. Chattem, Inc.*, 838 F.2d 149, 152–53 (6th Cir. 1988); *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d 1048, 1053–54 (7th Cir.1988); *Weitz Co. v. Mo–Kan Carpet, Inc.*, 723 F.2d 1382, 1386–87 (8th Cir.1983); *Northrop Corp. v. Triad Int'l Marketing, S.A.*, 842 F.2d 1154, 1155–56 (9th Cir.1988); *Everaard v. Hartford Accident & Indemnity Co.*, 842 F.2d 1186, 1193–94 (10th Cir. 1988); *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir.1985). *See also Roy Stone Transfer Corp. v. Budd Corp.*, 796 F.2d 720, 723 n. 6 (4th Cir.1986) (dictum). Further, the only two post–1982 decisions that have held that state law should apply have been effectively overruled by the decisions just named. *Compare Affiliated Capital Corp. v. City of Houston*, 793 F.2d 706, 709 nn. 3 & 5 (5th Cir.1986) (en banc) *with Nissho–Iwai*, 848 F.2d at 623 (*Affiliated* "did not consider passage of the 1982 amendment to section 1961"), and *compare Lazzara v. Esser*, 622 F.Supp. 48, 50 (N.D.Ill.1985) *with Travelers Ins. Co.*, 846 F.2d at 1048.

There are two main arguments on Forest's behalf, both of which are well articulated in the *Weitz* dissent from the Eighth Circuit. The first is that under *Erie* federal courts should interpret federal statutes narrowly where there is potential conflict with substantive state law. Under this rationale, § 1961 should be construed not to apply in diversity actions. *Weitz*, 723 F.2d at 1388 (Swygert, J., dissenting). Second, if Congress intended that the amendment to § 1961 apply to diversity cases it should have said so: "neither the statute nor the legislative history mention diversity actions despite the long line of cases holding that judgment interest is a matter of substantive law to be determined by the law of the forum state in a diversity action...." *Id.* at 1387.

The most detailed responses to these two arguments are provided by the *Weitz* majority and by the *Nissho–Iwai* decision from the Fifth Circuit. These responses are sufficiently thorough and persuasive that little additional elaboration on our part is necessary. On the first point, *Weitz* provides a detailed rationale for ruling that *Erie* does not require that state law determine postjudgment interest:

> Even if the rate of interest that a judgment will bear is in some sense "substantive," in that it is a part of the damages recovered by the winning side, it is also easily susceptible of characterization as "procedural," since it has to do exclusively with events that occur after a dispute gets to court. The question of interest, therefore, is at most in the "uncertain area between substance and procedure," and "rationally capable of classification as either." *Hanna v. Plummer*, 380 U.S. [460] [471,] 472 [85 S.Ct. 1136, 1144, 14 L.Ed.2d 8] [1965]. It is therefore a subject with respect to which Congress has full power to legislate, even as to cases that get into the federal courts only because of diversity of citizenship.
>
> The same result follows if the *Erie* question is analyzed under the "primary private activity" standard adopted by Justice Harlan's concurring opinion in *Hanna v. Plummer, supra*, 380 U.S. at 474–75 [85 S.Ct. at 1145–1146].... On

this view, in diversity cases state law will govern those issues that relate to the parties' primary out-of-court conduct. The theory is that people plan their business conduct, in most instances, against a background of substantive rules of law created by state statutes or court decisions. A rule specifying the rate of interest that a judgment will bear is clearly outside this category.

*Weitz,* 723 F.2d at 1386. The *Nissho–Iwai* court adds:

> Postjudgment interest has a substantive characteristic because the applicable rate of interest and rules of accrual can increase or decrease the amount of a monetary award. But postjudgment interest is better characterized as procedural because it confers no right in and of itself. Rather, it merely follows and operates on the substance of determined rights.

848 F.2d at 623.

On the second point, the lack of statutory language or legislative history indicating that diversity actions should be controlled by § 1961, the *Nissho–Iwai* court holds that only if diversity actions were explicitly *excluded* should they be read out of the statute.

> The statute specifies no different treatment for diversity cases. Congress expressed its desire to establish "a realistic and nationally uniform rate of interest on judgments in the Federal courts" to eliminate the incentive for delaying payment of judgments and for filing frivolous appeals that existed when the state law postjudgment interest rate fell below the interest rate available on the market. S.Rep. No. 275, 97th Cong., 2d Sess. 11, *reprinted in* 1982 U.S.Code Cong. & Admin.News 11, 21; *see also Weitz,* 723 F.2d at 1386–87. This policy cannot be fully achieved unless the federal interest rate is applied to judgments rendered in both diversity and nondiversity based cases. For these reasons, we conclude that Congress implicitly intended federal courts to apply the amended statute in diversity cases.

848 F.2d at 623.

A final, practical point is that inclusion of diversity actions under § 1961 should not lead to forum shopping as a party would not know whether the federal or state rate would be higher until judgment is entered. Under the federal statute, the rate floats in accordance with the Treasury Bill rate. *See Weitz,* 723 F.2d at 1387.

As a matter of statutory interpretation of the plain language of the text, the legislative history, and the policy expressed in the statute, we adhere to the strong precedent established in other circuits for allowing § 1961 to govern diversity actions. In these cases postjudgment interest should be calculated at the federal, rather than state, rate.

### III

■ Forest's second contention is that the district court's partial denial of its request for postjudgment attorney's fees should be reversed. Our review here is governed by an abuse of discretion standard. *Hensley v. Eckerhardt,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Daly v. Hill,* 790 F.2d 1071, 1078–79 (4th Cir.1986).

The district court granted only partial postjudgment attorney's fees. This grant related to fees and costs pertaining to Bedingfield's failure to appear for the taking of a deposition. On other grounds the district court affirmed the magistrate's findings that no other attorney's fees should be awarded where Forest did not request fees for over a year and has not been forthcoming in alerting Bedingfield as to what remains actually due and owing and whether it is principal, interest, expenses, or attorney's fees.

We affirm the district court on the basis of the second ground. Where the request for postjudgment fees is precipitated by a legitimate debate about the amount of postjudgment interest to be paid, then it was not an abuse of discretion to deny Forest attorney's fees for costs incurred during this period. We find additional support for the district court's ruling in its finding that "even up to this date, [Forest] has failed to

114

file a petition setting out the fees to which it believes it is entitled."

AFFIRMED.