Paul **BRAUNSTEIN,** Kevin Gasser, James Iha, D'arcy Brown, Craig Kanarick, Katie Ford, and Andre Balazs, Plaintiffs,

v.

Thomas B. **PICKENS, III,** Defendant.

C.A. No. 2:08–cv–193–PMD.

United States District Court, D. South Carolina, Charleston Division.

May 17, 2011.

Andrew Kenneth Epting, Jr., Andrew K. Epting Jr. Law Office, Charleston, SC, for Plaintiffs.

Allen Jackson Barnes, Allen Jackson Barnes Law Office, Amy Lb Hill, Tina Marie Cundari, Sowell Gray Stepp and Laffitte, Columbia, SC, for Defendant.

## *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court on Plaintiffs' Objections to the Report and Recommendation ("R & R") of a United States Magistrate Judge. Plaintiffs filed motions to update judgment and for supplemental proceedings, pursuant to Federal Rules of Civil Procedure 69 and 70, requesting financial discovery be produced by the Defendant and that certain stock certificates, at issue in this case, be delivered to them in partial satisfaction of the judgment against the Defendant. On April 13, 2011, the Magistrate Judge recommended that Plaintiffs' motion be granted in part and denied in part. Plaintiffs filed a timely Objection to the R & R. Having reviewed the entire record, including Plaintiffs' Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R & R and fully incorporates it into this Order.

## *BACKGROUND*

As in the R & R, the Court incorporates by reference the factual recitation of this case included in its original summary judgment order. [Doc. 41.] In short, Plaintiffs sued the Defendant, in a separate action, for failed investments. The parties settled the suit for $250,000. Defendant subsequently attempted to satisfy the settlement through the tender of certain stock certificates. However, Defendant never endorsed the stock certificates, and eventually, according to Plaintiffs, the stock certificates proved worthless.

In its summary judgment order, the Court ruled that the stock certificates were never properly transferred to Plaintiffs and, therefore, could not constitute any satisfaction of the $250,000 settlement. The Court entered a judgment in that amount, plus interest, for Plaintiffs. Defendant appealed, and the United States Court of Appeals for the Fourth Circuit affirmed.

Plaintiffs subsequently filed this motion, seeking simultaneously an amendment to, and an enforcement of, the judgment in this case. Specifically, Plaintiffs moved the court to (1) update their judgment to reflect interest that has continued to accrue on the principal amount of $250,000 at the rate of 5% per annum from 2004 to the present; (2) pursuant to Fed.R.Civ.P. 70(b), for a judgment divesting the Defendant of title to the Certificates of Stock currently being held by the Court and vesting said title in Plaintiffs; and (3) pursuant to Fed.R.Civ.P. 69(a) and in accord with S.C.Code §§ 15–39–310 et seq., for an order requiring Defendant to appear and produce a list of financial disclosures.

The Magistrate Judge issued an R & R on April 13, 2011, analyzing the issues and concluding that Plaintiffs' motions should be granted in part and denied in part. As to the Rule 70(b) motion to divest Defendant of the Certificates of Stock, the Magistrate Judge noted that Plaintiffs are requesting physical possession of stock certificates, which they had previously and ardently rejected. The Magistrate Judge found that this Court has already ruled that the stock certificates do not belong to Plaintiffs as they were never legally transferred. Plaintiffs now seek that which they had originally rejected as part of the enforcement of judgment pursuant to Rule 70. However, the Magistrate Judge noted that Rule 70 only "gives the district court a discrete and limited power to deal with parties who **thwart final judgments by refusing to comply with orders to perform specific acts.**" R & R pp. 3–4 (citing *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 449 (7th Cir.2005) (emphasis added)). As a result, the R & R notes two problems with Plaintiffs' request. First, the specific act ordered was the payment of $250,000 plus allowable interest; Defendant was never ordered to perform the specific act of turning over the stock certificates to Plaintiffs. "Quite to the contrary, and as detailed, the District Court ruled [the stock certificates] belonged to the defendant." R & R p. 4. Therefore, at this juncture, Plaintiffs have no particular legal

right in satisfaction of the judgment through delivery of the stock certificates themselves. Second, the R & R found that there is no allegation or evidence of any noncompliance such that Rule 70 might be triggered in the first instance. *Id.* (citing *Analytical Eng'g, Inc.*, 425 F.3d at 449.) "This case has been on appeal and, immediately upon its return, the plaintiffs filed this motion, which itself raises questions about what 'compliance' even entails. Truly, the defendant has hardly had any occasion *not* to comply. Accordingly, any Rule 70 motion is premature." R & R p. 4.

As to Plaintiffs' request that the Court update their judgment to reflect interest that has continued to accrue on the principal amount of $250,000 at the rate of 5% per annum from 2004 to present, the R & R suggests clarifying the judgment to provide that interest from 2004 through January 21, 2009 accrued at 5%; however, interest subsequent to January 21, 2009 should be paid in accordance with, and at the rate prescribed by 28 U.S.C. § 1961. Plaintiffs argue that the statutory rate does not apply to the post-judgment interest in this case because the promissory note at issue stipulates an interest of 5%. The R & R found that this Court ruled in its order on summary judgment that the "Defendant still owes Plaintiffs the $250,000 plus interest he promised to pay them **under the terms of the promissory note**." R & R p. 5. "The promissory note, however, does not speak to the rate applicable after any judgment relating to performance or compliance is obtained." R & R pp. 5–6. 28 U.S.C. § 1961 establishes a uniform federal rate for post judgment interest "on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). "Parties may contractually agree to a different rate, but that agreement must be expressed in 'clear, unambiguous and unequivocal language . . . .' Conversely, where the parties fail to contract for a different rate, the statutory rate applies. As stated, the promissory note does not provide for any particular post-judgment rate." R & R p. 6. Therefore, the Magistrate Judge recommended that the judgment should be clarified to provide that interest subsequent to January 21, 2009, should be paid in accordance

with, and at the rate prescribed by, 28 U.S.C. § 1961.

Finally, as to Plaintiffs' original and supplemental requests for certain discovery under Fed.R.Civ.P. 69, the Magistrate Judge found those requests to be premature. Rule 69 discovery requests are only available after the defendant has failed to voluntarily comply with the judgment. The Magistrate Judge noted that at this point, there is no indication that the defendant will not voluntarily comply with the judgment. "As stated, [Defendant] has hardly had time to. The Plaintiff has raced to solidify his legal position relative to the judgment and in so doing, has in the undersigned's respectful estimation, complicated it before the Court." R & R p. 8. Therefore, the Magistrate Judge recommends denying Plaintiffs' request for discovery and supplemental proceedings. The Magistrate Judge also addressed Plaintiffs' request that their judgment be registered with the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1963. The Magistrate Judge recommends denying this request until there is at least some indication that the defendant refuses to comply with the judgment; however, at this time, without such indication, this request is premature.

### STANDARD OF REVIEW

■ The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the Court reviews *de novo* those portions of the R & R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R & R in whole or in part. *Id.* Any written objection must specifically identify the portion of the R & R to which the objection is made and the basis for

the objection. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

### ANALYSIS

On May 2, 2011, Plaintiffs filed their objections to the R & R. However, Plaintiffs fail to specifically object to the R & R and fail to state a basis for their objection. Rather, Plaintiffs merely state that they object to the R & R with respect to the applicable post judgment interest rate and with their motion to vest title pursuant to Rule 70(b) and "rely on and incorporate herein their arguments found at docket numbers 60, 64, and 65 as to these two issues." Plaintiffs also ask that as to their discovery requests and request to register their judgment with the Western District of Texas, the Magistrate Judge retain jurisdiction to revisit these issues in the event that Defendant refuses to voluntarily pay Plaintiffs' judgment.

Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Plaintiffs' objections are without merit. The Court denies Plaintiffs' request to vest title pursuant to Rule 70(b) as there is no indication that Defendant is trying to thwart final judgment by refusing to comply with an order to perform specific acts. The Court also finds that as the promissory note did not express in clear, unambiguous, and unequivocal language that a post judgment rate other than the rate provided for in 28 U.S.C. § 1961 should apply in this case, that the judgment should be clarified to provide that interest subsequent to January 21, 2009 should be paid in accordance with, and at the rate prescribed by 28 U.S.C. § 1961. Finally, the Court finds that Plaintiffs' request for discovery and request to register its judgment with the Western District of Texas are premature as there has been no indication that Defendant refuses to comply with the judgment at this time. Accordingly, the Court adopts the R & R in whole and incorporates it into this Order by specific reference, and the Court overrules Plaintiffs' objections. The Court however finds that

Magistrate Judge Hendricks retains jurisdiction to revisit the issues of discovery and registration in the event that Defendant refuses to voluntarily comply with the judgment.

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that the R & R [Doc. 68] is adopted and incorporated into this Order; Plaintiffs' objections [Doc. 69] are overruled; and Plaintiffs' motions to update judgment and for supplemental proceedings, pursuant to Federal Rules of Civil Procedure 69 and 70 [Docs. 60, 65] be granted in part and denied in part. Specifically, the judgment should be amended to provide that interest subsequent to January 21, 2009, should be paid in accordance with, and at the rate prescribed by 28 U.S.C. § 1961. All other requests are denied and the stock certificates should be released to Defendant.

**AND IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BRUCE HOWE HENDRICKS, United States Magistrate Judge.

This matter is before the Court on the plaintiffs' motions to update judgment and for supplemental proceedings, pursuant to Federal Rules of Civil Procedure 69 and 70 [Docs. 60, 65], requesting financial discovery be produced by the defendant and that certain stock certificates, at issue in this case, be delivered to them in partial satisfaction of the judgment against the defendant.

The matter was referred to the undersigned for consideration pursuant to 28 U.S.C. § 636. [Doc. 61.]

### BACKGROUND

The undersigned incorporates by specific reference the full factual recitation included in the district court's original summary judgment order. [Doc. 41.] In short, the plaintiffs sued, in a separate action, the defendant for failed investments. The parties settled the suit for $250,000. The defendant subsequently attempted to satisfy the settlement

through the tender of certain stock certificates. The certificates, however, were never endorsed and eventually proved worthless, according to the plaintiffs.

In its summary judgment Order, the district court ruled that the stock certificates were never properly transferred to the plaintiffs and, therefore, could not constitute any satisfaction of the $250,000 settlement. The district court entered a judgment in that amount, plus interest, for the plaintiff. [See Doc. 41.] The defendant appealed. The United States Court of Appeals for the Fourth Circuit affirmed. [Doc. 56.]

The plaintiffs subsequently filed this present motion, seeking simultaneously an amendment to, and an enforcement of, the judgment in this case.

### DISCUSSION

In a stark pivot of position, the plaintiffs are back before the Court requesting physical possession of stock certificates, which they had previously and ardently rejected. It is a sensational request but not one without some logic. In the underlying action, the plaintiffs disavowed the stock certificates as having any ability to satisfy the debt owed them by the defendant. Although previously characterizing them as essentially worthless [see Doc. 41 at 10], the plaintiffs appear now to seek them for at least partial extinction of the judgment owed.

Without equivocation, the District Court has already concluded that the stock certificates do not belong to the plaintiffs:

> Accordingly, the court finds that the stock was never actually legally transferred to Plaintiffs, and, in light of the fact that Plaintiffs have disclaimed ownership of the stock in satisfaction for Defendant's debt, Defendant is still the legal owner of the stock on the corporation's records. This means that the portion of the Hypothecation Agreement upon which Defendant based his argument that he had been released from any liability was never triggered, and thus never operated to release Defendant from his obligations under the promissory note. Defendant's Motion for

Judgment on the Pleadings is therefore denied.

[Doc. 41 at 9.] On reconsideration, the district court affirmed that conclusion. [Doc. 50.] In fact, in the Order, the court noted the plaintiffs' express disavowal of the stock. [Doc. 50 at 2.] They did not want it. *Id.*

Although the precise matter of the stock's ownership was not squarely before it, the United States Fourth Circuit Court of Appeals subsequently and effectively affirmed the district court's decision. [Doc. 56.]

The plaintiffs, however, now seek, that which they had originally rejected, as part of the enforcement of the judgment, pursuant to Federal Rule Civil Procedure 70. Federal Rule of Civil Procedure 70(a) provides: "If a judgment requires a party to ... perform ... [a] specific act, and the party fails to comply within the time frame specified, the court may order the act be done." Fed.R.Civ.P. 70. To seek relief under Rule 70, a petitioner must file a motion in the proceeding in which it was granted judgment, because Rule 70 does not supply a jurisdictional basis for a new action. *See Analytical Engineering, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 449 (7th Cir.2005).

Critically, however, Rule 70, only "gives the district court a discrete and limited power to deal with parties who ***thwart final judgments by refusing to comply with orders to perform specific acts.***" *Id.* (emphasis added). As a result, there are two problems with the plaintiffs' request. The first, is that the specific act ordered was the payment of $250,000 plus allowable interest. [See Doc. 41. at 9–10.] The defendant was never ordered to perform the specific act of turning over the stock certificates to the plaintiffs. *Id.* Quite to the contrary, and as detailed, the District Court ruled they belonged to the defendant. *See id.* at 9. The presumption, therefore, is that the defendant would satisfy the judgment through a money or other tendered payment. The parties certainly may agree to satisfaction of another sort. But, what is certainly the case, at this juncture, is that the plaintiffs have no particular legal right in satisfaction of the judgment through delivery of the stock certifi-

cates themselves (which are ostensibly worthless anyway).

Second, there is no allegation or evidence of any noncompliance such that Rule 70 might be triggered in the first instance. *See Analytical Engineering, Inc.*, 425 F.3d at 449. The plaintiffs do not complain of any. This case has been on appeal and, immediately upon its return, the plaintiffs filed this motion, which itself raises questions about what "compliance" even entails. Truly, the defendant has hardly had any occasion *not* to comply. Accordingly, any Rule 70 motion is premature. And, it should be denied.

## I. Post–Judgment Interest

■ The plaintiffs also ask the Court to update their judgment to reflect interest that has continued to accrue on the principal amount of $250,000 at the rate of 5% per annum from 2004 to the present. The defendant does not dispute that the 5% rate is applicable through January 21, 2009, the date of the judgment in this case. [Doc. 42.] The defendant, however, contends that the statutory rate, prescribed by 26 U.S.C. § 1961, of .43% is applicable thereafter. [See Doc. 63–1.]

The plaintiffs do not dispute the rate that the statute dictates in regards to post-judgment interest [see Doc. 63–1] but only its applicability. The plaintiffs emphasize that the promissory note at issue stipulates an interest rate of 5%. [Doc. 28–2.] This fact is uncontested. The plaintiffs contend, therefore, that because they sought, in their motion for summary judgment "the amount of $300,867.07 plus interest continuing at a per diem rate of $34.35 *until paid*," [Doc. 25 (emphasis added)], that the Court's subsequent grant of that motion necessarily fixes the interest rate at 5% until payment of the judgment, as the law of the case.

But, the district court did not somehow implicitly adopt the plaintiffs' request for relief, exactly as recited from their summary judgment motion, as its own judgment.

Rather, the district court ruled independently that the "Defendant still owes Plaintiffs the $250,000 plus interest he promised to pay them *under the terms of the promissory note.*" [Doc. 41 at 9 (emphasis added).] The promissory note, however, does not speak to the rate applicable after any judgment relating to performance or compliance is obtained.[1] [Doc. 28–2.]

■ Federal law, rather than state law, governs the calculation of post-judgment interest in diversity cases. *See Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir.1989). 28 U.S.C. § 1961 establishes a uniform federal rate for postjudgment interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir.1999) (applying the federal statutory postjudgment interest rate in a diversity breach of contract action). Parties may contractually agree to a different rate, but that agreement must be expressed in "clear, unambiguous and unequivocal language ...." *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005); *see also Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101–02 (2d Cir.2004) (same); *U.S. ex rel. SCCB, Inc. v. P. Browne & Associates, Inc.*, 2010 WL 4644438, at 10 n. 10 (M.D.N.C. November 09, 2010). Conversely, where the parties fail to contract for a different rate, the statutory rate applies. *See Reinhart*, 402 F.3d at 1004. As stated, the promissory note does not provide for any particular post-judgment rate. The plaintiffs do not contend otherwise.

Accordingly, the judgment should be clarified to provide that interest subsequent to January 21, 2009, should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

## II. Financial Discovery and Supplemental Proceedings

■ For essentially the same reasons, the plaintiff's original and supplemental[2] re-

---

1. The note does state that the principal and interest, at 5% annum, is due immediately upon a failure to perform under the note. [Doc. 28–2 at 2.] This paragraph, however, does not speak to

any rate applicable subsequent to a judgment.

2. In their supplemental motion [Doc. 65], the plaintiffs appear to making some hay of the de-

quests for certain discovery under Federal Rule of Civil Procedure 69 are premature. That mechanism is only available after the defendant has failed to voluntarily comply with the judgment. *See, e.g., Gagan v. Monroe*, 269 F.3d 871, 873 (7th Cir.2001) (allowing motion after a showing that the levy of execution was not likely to satisfy the judgment). Rule 69 mandates that its proceedings be had in accordance with the procedure of the State in which the court is located. Fed.R.Civ.P. 69(a). To that end, S.C.Code § 15–39–310 states that when an *"execution ... is returned unsatisfied in whole or in part* the judgment creditor at any time after such return is made is entitled to an order from a judge of the circuit court requiring such judgment debtor to appear and answer concerning his property." S.C.Code § 15–39–310 (emphasis added). There is no indication that the defendant will not voluntarily comply with the judgment. As stated, he has hardly had time to. The plaintiff has raced to solidify his legal position relative to the judgment and in so doing, has in the undersigned's respectful estimation, complicated it before the Court.

The discovery and supplemental proceedings should not be had.

The Court would also decline to recommend that any registration in a foreign district be made at this point. A district court may so register its judgment where good cause has been shown. *See* 28 U.S.C. § 1963. The plaintiffs have indicated that registering the judgment in Texas is necessary because the defendant resides there; has substantial assets in that State; and may attempt to evade the judgment. Such concerns may or may not produce an automatic presumption of the necessary good cause showing under the statute. *See Bingham v. Zolt*, 823 F.Supp. 1126, 1136 (S.D.N.Y.1993). The Fourth Circuit has stated that "[g]ood cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment." *U.S. v. D'Elegance Management Ltd.*, 217 F.3d 843, 2000 WL 966034, at \*8 (4th Cir. July 13, 2000). Beyond the concerns raised, the plaintiffs have not made any actual showing, largely because the undersigned has not permitted it. But, the Court would not recommend providing such an opportunity until there is at least some indication that the defendant refuses to comply with the judgment.

And in that respect, the Court would make one final observation. Precisely because the undersigned has been so disinclined to entertain the procedural strategy of the plaintiffs, at this time, mostly out of a respect for the defendant's opportunity to comply, any failure of the defendant to meet the demands of the judgment will not be met with serious sympathy in the recommendations and orders of this Court going forward.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the plaintiffs' motions to update judgment and for supplemental proceedings, pursuant to Federal Rules of Civil Procedure 69 and 70 [Docs. 60, 65] be GRANTED in part and DENIED in part. Specifically, it is recommended that the judgment, in this case, should be amended to provide that interest subsequent to January 21, 2009, should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961. It is recommended that all other requests be DENIED and that the stock certificates should be released to the defendant.

IT IS SO RECOMMENDED.

April 13, 2011.

Charleston, South Carolina.

---

fendant's representation that the stock has now been pledged to a third party. The plaintiffs seem to want to imply that this representation is inconsistent with the defendant's prior position in this case. The Court need not resolve it, at this time, for all the reasons discussed herein.

But, as an initial reaction, there would be no incompatibility with the defendant having pledged the stock subsequent to the district court's determination that he, in fact, still owned it.